LEWIS M. JIGGITTS *et al. v.* MARGARET L. JIGGITTS.

1. DOWER: LANDS SOLD BY HUSBAND DURING COVERTURE.—By the laws of this State the widow is not entitled to dower in lands conveyed, during the coverture, in good faith and for a valuable consideration, by the husband.

2. DOWER: WHEN LANDS SOLD FOR A VALUABLE CONSIDERATION, SO AS TO BAR DOWER —The provision of the statute, which requires a valuable consideration in order to support a conveyance affecting the wife's right of dower, contemplates that the husband is to acquire property or means in which the wife may have a benefit in lieu of the right conveyed.

3. SAME: CASE IN JUDGMENT.—The husband during coverture executed a deed of gift of certain lands to his son. Subsequently, in consideration of the exchange of

the lands before given to the son, and of other lands of little value, the father conveyed to the son other lands, the deed reciting a consideration of $16,000. Held—That the widow was entitled to dower in the lands conveyed to the son.

4. SAME: WANT OF GOOD FAITH: CASE IN JUDGMENT.—The husband and wife separated in a state of alienated affection, and he afterwards conveys all of his real estate, not previously given to one of his sons, to his children by his first marriage, and by his will gave to the wife $10, and to his two children by her certain other property, upon condition that the wife should relinquish her right of dower in his estate; and exchanged lands of much value with his son for lands of little value previously given him. Held—That these, coupled with other circumstances in reference to the secrecy of the conveyance from the father to the son, and the continued possession of the father, were evidences of want of good faith in the exchange of lands between father and son, and that the widow was entitled to dower in the lands.

5. DOWER: STATUTE IN REFERENCE TO: HOW CONSTRUED.—The statute authorizing a conveyance by the husband to operate as a bar of dower, is in derogation of the common law rights of the widow, and should receive such a construction as would confine the husband's power of alienation to the limitation specified in the statute.

6. DOWER: CONVEYANCE BY HUSBAND, IF MADE UNDER CIRCUMSTANCES OF SUSPICION, PARTY CLAIMING UNDER, MUST SHOW GOOD FAITH AND VALUABLE CONSIDERATION.— If the conveyance of lands by the husband is shown to be made under circumstances of suspicion, it is incumbent on the party claiming under the conveyance and adversely to the widow's right of dower, to remove such suspicion, and to show that the conveyance was made in good faith and for a valuable consideration.

7. DOWER: WIDOW ENTITLED TO DWELLING-HOUSE IF MANIFEST INJUSTICE NOT DONE TO CHILDREN.—The widow is entitled to have allotted to her as dower the dwelling-house, and the improvements attached to it, of her deceased husband, unless it appears that such an allotment would be manifestly unjust to the children.

8. DOWER: PROBATE COURT, JURISDICTION OF, TO ALLOT DOWER AS AGAINST A STRANGER TO THE ESTATE OF THE HUSBAND.—The Probate Court has jurisdiction to allot to the widow dower in lands, claimed by a stranger to the estate of her husband, but not to order possession of the lands so allotted.

APPEAL from the Probate Court of Madison county. Hon. M. M. Cooper, judge.

*F. Anderson, Hill, Calhoun,* and *George,* for appellants.

*E. J. Bowers, Wilkinson,* and *Bowman,* for appellee.

HANDY, C. J., delivered the opinion of the court.
This was a petition filed by the appellee, the widow of Lewis

M. Jiggitts, deceased, in the Madison Probate Court, against the appellants, the heirs and representatives of the deceased, for the allotment of dower in several tracts of land in that county, of which it is alleged that the deceased was seized and possessed during the coverture, and which he had conveyed to some of the appellants, not in good faith and for a valuable consideration, but in violation of her marital rights, and in which she had not relinquished her dower.

In the case, as it is now presented for our determination, it is not insisted, in behalf of the appellants, that the conveyances to the appellants are sufficient in law to bar the right of the widow in the lands embraced in the deeds to them, set forth in the pleadings and evidence, except that to the appellant David E. Jiggitts; as to which it is insisted that the right of dower is barred. The answer of David E. Jiggitts, who is a son of the deceased, denies that the conveyance to him was not made in good faith and for a valuable consideration, and sets up that deed as a bar to the dower claimed in the land embraced in it. On final hearing, the court decreed that the widow was entitled to dower in all the lands mentioned in her petition, including the tract conveyed to David E. Jiggitts.

The first and main question presented for our consideration is whether that decree as to David E. Jiggitts is correct.

In support of the claim of this party, he offered in evidence a deed to him executed by the deceased, bearing date 1st January, 1861, the consideration of which is stated on its face to be "the sum of eight thousand five hundred dollars—five thousand for love and affection, and three thousand five hundred dollars, the receipt of which was thereby acknowledged," and conveying to David E. Jiggitts a tract of land in Yazoo county, in fee; also a deed executed by the son to the father, the deceased, bearing date 8th June, 1863, stating a consideration of $13,000, and conveying to the father the tract of land mentioned in the above deed, and another tract in Yazoo county purchased by David E. Jiggitts from one Wallace; also the deed from Wallace to David E. Jiggitts for the last-mentioned tract, the consideration of which appears on its face to be $4,500; also a

deed from the deceased to David E. Jiggitts, bearing date 8th June, 1863, stating on its face a consideration of $13,000, and conveying to David E. Jiggitts, in fee, a tract of land in Madison county, designated in the evidence as the Alamanse place, being part of the lands claimed in the petition as being subject to dower. David E. Jiggitts testified, as a witness, that the consideration given for this last-mentioned deed was the land bought by him from Wallace, above mentioned, about two hundred acres, and the land which his father gave him in 1861, being the land embraced in the deed dated 1st January, 1861, above mentioned; that the witness exchanged these two last-mentioned tracts with his father for the Alamanse place, and that this was the consideration of the two deeds between them above mentioned, dated 8th June, 1863, and that the witness took possession of the Alamanse place at the time. He further stated that he did not record the deed from himself to his father because of the troubles in the country. It appears by an inspection of this deed, that, at the time it was offered in evidence, it had not been acknowledged or proved and recorded.

It appears, by the record, that all these deeds were made during the coverture of the petitioner and her husband, and that they separated in a state of alienated affections in October, 1861, and continued to live apart thereafter until his death in February, 1866.

The question then is, whether, on these facts, the deed from the deceased to David E. Jiggitts, dated 8th June, 1863, is to be considered as made in good faith and for a valuable consideration, as to the rights of the widow; for if it be wanting in either of these particulars, it cannot operate to defeat the right of dower in the widow.

Let us first examine the point of the consideration.

In the first place, the deceased made a *deed of gift*—for such it appears to be by the acknowledgment of David E. Jiggitts, in his testimony—of a tract of land in Yazoo county, worth $8,500, to David E. Jiggitts, on the 1st January, 1861. In that tract, for aught that appears, the widow is clearly entitled to dower, for it was conveyed by deed of gift and without valuable

46

consideration. Having thus acquired title to that land, David E. Jiggitts conveyed the same, together with another small tract of much less value, to his father, and received in exchange a conveyance from his father of the tract in Madison county, now claimed by him. Now, it is manifest that the principal part of the alleged consideration for this conveyance from the father was the land previously given by him to the son, by the deed of 1st January, 1861. To the amount of $8,500 out of the $13,000, stated as the consideration of the deed from the father, dated 8th June, 1863, the consideration of that deed was not valuable, but consisted of land previously conveyed by deed of gift to the son, in which the widow had her right of dower. By the transaction the father got back land to the value of $8,500, and obtained title to other land worth $4,500 ; and in consideration of that he conveyed away land worth $13,000. Observe the prejudice this would work to the rights of the widow. . She was entitled to dower in both the tracts of land, unless conveyed by her husband in good faith and for a valuable consideration. But the tract worth $8,500 is conveyed by him *as a gift*, which then is used as a valuable consideration, for which he conveys land worth $13,000. This, then, is clearly a failure of valuable consideration for the second conveyance, to the amount of $8,500 ; and the result is, that the widow, instead of having dower in both the tracts of land, as she was entitled to, would be entitled to it only in one, and that the less valuable of the tracts. The second conveyance stands really, for the most part, on the same consideration as the first, that is, the same land given by the first was exchanged for the land conveyed in the second. It is a mere change of the form and subject of the gift. Hence, the second conveyance cannot be said to be founded on a valuable consideration, but is, in fact, for the most part, a gift.

Such an arrangement is not in accordance with the spirit of the statute, which allows a conveyance by the husband, in good faith and for a valuable consideration, without relinquishment, to bar her dower. The provision requiring a valuable consideration, in order to support a conveyance affecting the

wife's right of dower, contemplates that the husband is to acquire property or means which may be an equivalent to the wife for the right which she loses by the conveyance. This is inconsistent with the idea that the property may be conveyed by the husband as a gift, either in whole or for the most part. It contemplates value received, in which the widow may have a benefit in lieu of the right conveyed. But by these conveyances, if the second one were held valid as to her rights, she would lose her interest in one of the two tracts of land, when she had her right of dower in both; and this loss would fall upon the tract which is the most valuable.

As to the point of good faith, the transaction does not appear to be free from suspicion.

In the first place, the deed from David E. Jiggitts to the deceased does not appear even to have been delivered. It was produced on the hearing by David E. Jiggitts, who was not entitled to the possession of it, if it had ever been delivered to the father; and he testified that he did not have the deed recorded because of the troubles of the country, but he did not state that he ever delivered it to his father. If the deed had been delivered, it was neither his duty nor within his power to have it recorded, and, therefore, this admission of his goes strongly to show that it was never delivered. But it was never acknowledged by the grantor, or proved during the lifetime of the grantee; and it is most improbable that it was delivered without either of these requisites being performed. From the evidence, it appears quite evident that the deed was never delivered, and it is certain that it was not recorded. Upon this view, it was not a valid conveyance, and did not constitute a valuable consideration for the conveyance by the deceased to David E. Jiggitts. Certainly it was not a valuable consideration with respect to the rights of the widow; for it conveyed no title to her husband to the land embraced in it, and in which it is alleged she acquired a right of dower in lieu of the land conveyed by him. The deed might never have been recorded nor brought to light, and then, of course, she could have claimed no interest in the land embraced in it.

These circumstances, while they go to show a want of valuable consideration for the conveyance from the father, also cast a suspicion upon the good faith of the arrangement. But there are other circumstances which strengthen this suspicion.

It appears, from the record, that the deceased was a man of wealth, and of large real estate ; that there was disagreement between him and his wife, which terminated in their separation in October, 1861, and that, after that time, his unkind feelings towards her continued ; that he conveyed all his other lands than those conveyed to his son David, to another child and a son-in-law, except the lands in Yazoo county, alleged to have been conveyed to him by his son David ; that, about three years after the separation, he made his will, in which he bequeathed to her the sum of $10, and to his . two infant children by her, he left certain real and personal property, upon the condition, however, that his wife should relinquish all claim of dower, or other interest in his estate. These facts abundantly show a feeling of continued hostility to his wife, and an intention to cut her off from all benefit of his estate, and they enable us to interpret the motive by which he was actuated in making the dispositions of his property after the separation ; and the conveyance to his son David, under consideration, appears to come within the operation of that motive.

But there are facts tending to show that the deceased continued after this conveyance to be the owner of the property alleged to have been conveyed.

The land continued assessed as his property as it was before, and he paid the taxes on it for several years after the conveyance, as his property. He had possession of the place and managed and controlled it after the conveyance. In October, 1865, he had a sale of personal property on the place, at which corn, stock, mules, and sheep were sold, all of which he represented to belong to himself, except a horse and buggy, and, perhaps, a mule, which he said belonged to his son David, and was sold as such. He received payment for the property sold as his own, and represented it to be his property. These facts are attempted to be explained on the ground that he had the management of

the place as agent for his son, who was absent. But this is an insufficient explanation; for it does not consist with the positive representations made by him at the sale of the personal property on the place, more than two years after the sale, and when it is alleged that the plantation and its proceeds, and property on it, had been the property and in the possession of David E. Jiggitts for that length of time.

Upon the whole evidence, we think the conveyance cannot be held as one made in good faith, within the meaning of the statute, and that it is inoperative as to the right of the widow.

The statute authorizing a conveyance by the husband, to operate as a bar of his widow's dower, is in derogation of the common law rights of the widow, and should receive such a construction as will fully protect her rights within the limitation to the husband's power of alienation specified in it. That limitation is, that the deed must be made in good faith and for a valuable consideration; and if it appear that it was made under circumstances of suspicion in either of these respects, it is incumbent on the party relying on it to remove such suspicion, and to show that it was made in good faith and for a valuable consideration. It is clear that, if it appear that it was made with the intent to defeat the wife's right of dower, it would be void; and if there be circumstances tending to cast suspicion on it in that respect, it cannot be sustained unless the suspicion be removed.

Again, it is said that there is error in the decree in allotting to the widow the exclusive possession of the dwelling-house and other improvements attached to it, in which the deceased resided at the time of his death.

There appears to be no sufficient proof in the record that "manifest injustice" would be done to the children of the deceased by giving the dwelling-house and premises to the widow. *Primâ facie*, it is her legal right to have possession of them; and without proof that "manifest injustice" would arise to the children by her exclusive possession of them, that right cannot be disturbed. Indeed, there appears to be clear evidence that it would be improper to give a joint possession of the prem-

ises to the widow and the appellants, since the relations sub-sisting between them would scarcely be conducive to their har-mony and mutual happiness, in such circumstances.

We are of opinion, upon the foregoing views, that decree is correct and should be affirmed.

But the decree is erroneous in directing the commissioners, in allotting dower to the land claimed by Robinson, to put the widow in possession. Robinson was a stranger to the estate and not amenable to the power of the Probate Court, so far as possession of the land claimed by him is decreed. To that extent the decree must be reversed. But it is correct in award-ing dower to the widow in the land claimed by Robinson. *Jiggitts* v. *Bennett*, 31 Miss.

In all other respects, the decree is affirmed at the appellants' costs.