## MARY A. HINDS et al. v. ROBERT PUGH.

1. DOWER—GENERAL PRINCIPLE.—Dower, being intended for the sustenance of the wife and the nurture and education of the younger children, is much favored by law. And a statute in derogation of the widow's common law right should be so construed as fully to protect her rights within such limitations as such statute imposes.

2. CONVEYANCE TO SECURE ANTECEDENT DEBT.—A conveyance of lands or chattels as a security for an antecedent debt will not operate as a purchase for value. In such case the purchaser must have advanced some new consideration, relinquished some pre-existing security, or done some act on the faith of the purchase which cannot be retracted. As, for example, the ceding an existing right, forbearance to sue, the transfer of a note or bill, or the like.

3. CASE AT BAR.—The intestate having, on a compromise with a creditor, been released from one-half his debt and got time for the payment of the other half, upon executing a deed of trust on land as security for the deferred payment; and the creditor having agreed, as a part of the compromise, to rely solely on the land for satisfaction; and the land having been sold, after the testator's death, under the deed of trust, it was *held*, that the deed of trust and the sale under it amounted to a "conveyance in good faith and for a valuable consideration" under the statute (Rev. Code of 1857, p. 467, art. 162), and that the widow was thereby debarred of dower in said lands.

APPEAL from the chancery court of Washington county. HARMON, Chancellor.

A full statement of the case is given in the opinion of the court.

*Ellett & Phelan,* for appellants.

I. The court had no jurisdiction to give any decree for the recovery of the possession of the land in favor of complainant against defendants below.   1. The bill did not ask for any such relief, but only for an injunction against payment of rents, and for a receiver of the rents during the pendency of the action of ejectment. The action at law is treated by the bill as the remedy relied on for the recovery of the land itself.   The decree rendered is not within the scope and object of the bill.

2. The case, as stated in the bill, shows no right to an injunction, or a receiver of the rents, and ought to have been dismissed.   It is a bill to dispossess the defendant in ejectment, during the pendency of the action, on the mere ground that the plaintiff's right at bar is clear, and that one of the three defendants has no property liable to execution for the *mesne* profits. It is safe to say that no precedent can be found of such a bill.

3. Had the bill prayed for a recovery of the land, no such decree could have been made; for, in that case, it would have been a mere "ejectment bill," and not sustainable.   The remedy at law to recover the possession of the land, is, in the statements of the bill, clear and unembarrassed, and no ground of equity jurisdiction is laid.   Hipp v. Babin, 19 How. (U. S.) 271.

If the object of the bill had been a discovery, then, if the discovery had been obtained, the bill might have been retained for all purposes of equitable relief; but in such case, if the remedy at law is more appropriate, the jurisdiction will be declined.   1 Story Eq. Jur., § 64–74.

In this case no discovery is sought, and the relief

granted is not equitable relief but relief peculiarly appropriate to a court of law and a trial by jury.

II. The second error consists in denying the claim of Mrs. Hinds to dower in the mortgaged land, and in dispossessing her before her dower was assigned. If entitled to dower, then she had a right to the full possession of the plantation until her dower should be assigned her. Rev. Code of 1857, p. 470, art. 174.

In support of the right of dower, we refer to a printed brief prepared by us in another case, of Jones v. Bell, which we beg leave to file, as containing our views in full on this important question. Indeed, we regard the whole question as being substantially settled by the recent decision in Carpenter v. Bowen, 42 Miss. 48–51. That case fully adopts the modern law of mortgages, as we contend for it, and establishes that a mortgage is not "a conveyance in good faith, for value." If not a conveyance within the statute of frauds, it cannot be a conveyance within the dower act, for the language of both is identical in meaning. The proposition stated on page 50 is not only sustained by Runyon v. Mersereau, 11 Johns. (that is, the proposition "that a mortgage is not a conveyance within the statute of frauds"), but also by the cases of Green v. Hart, 1 Johns. 590, and Clute v. Robinson, 2 ib. 601, 602, 612, and is also in accordance with numerous decisions and *dicta* in in Mississippi, of an older date. Boisgerard v. Wall, S. & M. Ch. 430; Dixon v. Lacoste, 1 S. & M. 105; Hurney v. Pack et al. 4 ib. 254, 257; Watson v. Dickens, 12 ib. 615; Nevitt v. Bacon, 32 Miss. 225.

Again, dower depends on the seizin of the husband during coverture; and it was settled in this state, at an early day, that a mortgage in fee, given by the husband before marriage, did not divest his seizin nor exclude his wife from her right of dower. Whitehead v. Middleton, 2 How. 692; Wooldridge v. Wilkins, 3 ib. 369, 370. And it does not appear that this doctrine

has ever been questioned since. An absolute sale by the husband, before marriage, would, of course, have defeated the right of dower. Now, the doctrine of these cases is, that a mortgage is not such a conveyance as will defeat the right of dower. This is because it does not destroy the seizin of the husband.

Whether a mortgage or deed of trust is, in the sense of the statute, a conveyance or not, it is clear that in this case the mortgage was not "in good faith and for value," because it is shown to have been made to secure an antecedent debt, without any other consideration.

The foregoing brief was written before the recent decision in Pickett v. Buckner et al. 46 Miss.

That case appears to be in irreconcilable conflict with Carpenter v. Bowen, which is not adverted to in the opinion. As both the cases appear to have been maturely considered, and as the results are so different, we respectfully ask the court to reconsider the question, confident that such re-examination will lead to the conclusion, that by the modern decisions a mortgage is not a conveyance of the legal title at law, any more than in equity, but that the mortgagor continues the owner, and the mortgage is only a security for the debt.

The cases above cited show that such is the clear result of the American authorities, almost without conflict, and that it is especially the doctrine of this court down to, and including, Carpenter v. Bowen.

We beg to refer particularly to the recent decisions in California, Iowa and Michigan. 13 Mich. 380; 39 Cal. 247; 30 Iowa, 268.

The supreme court of the United States has departed from the doctrine of Canard v. Atlantic Insurance Company, and has fully adopted the modern view of the nature and effect of a mortgage; Hutchins v. King, 1 Wall. 53, 57; and the original rulings in

California were delivered by Judge Field, now a distinguished member of the supreme court.

It is significantly said in 4 Kent Com. 194, note: " It will not do to take our doctrine of mortgages from Littleton and Coke."

The 8th and 11th chapters of 1 Hilliard on Mortgages, are devoted to a full and satisfactory elucidation of the subject, in the view of modern decisions, and the result fully justifies the observations of the Michigan court, that " the old idea of an estate upon condition rankles in the law of mortgages like a foreign substance in the living organism, but is rapidly being eliminated and thrown off by the healthy action of the courts, under the application of plain common sense."

*W. P. Harris* and *A. Lovering*, for appellee,

Filed an elaborate written argument, but it is missing from the files.

PEYTON, C. J.:

It appears from the record in this case that Howell Hinds was indebted to Foley, Avery & Co. in the sum of $40,579.55, as evidenced by sundry promissory notes; and for the purpose of securing the payment of said notes, on the 1st day of February, 1867, he made and executed to William L. Nugent a deed of trust to certain lands therein described, situate in the county of Washington.

The said deed of trust provides that in case said notes are not paid at the maturity thereof, the said Nugent, as trustee, at the request of any *bona fide* holder of any of said notes, is authorized and required to take possession of said lands, and sell the same at public auction for cash, or so much thereof as shall be sufficient to pay said notes, or such of them as shall be due and unpaid, together with the expenses of executing the trust.

And that on the 17th day of May, 1869, the said Nugent, under and by virtue of the power given him by said deed of trust, sold and conveyed the real estate covered by said deed, to Robert Pugh, who afterwards instituted an action of ejectment in the circuit court of said county against Mary A. Hinds and others, to recover the possession of said lands.

And that on the 7th day of February, 1870, the said Robert Pugh filed his bill on the chancery side of the circuit court of said county, alleging therein that the said Nugent, for the purpose of favoring and benefiting the said Mary A. Hinds, allowed her to remain in possession of the premises, and, as her agent, in January, 1870, he leased the same for the year 1870 to E. P. Byrne and Thomas Hinds for the sum of $3,800, which the complainant insists belongs to him.

The complainant further alleges, in his bill, that the said Mary A. Hinds is insolvent, and if she is permitted to collect said rent it will result in a loss of the same to him, on account of her inability to respond for the amount thereof to complainant, and therefore he prays for an injunction restraining the said Mary A. Hinds from collecting, and the said tenants from paying the said rent to her. And that upon a final hearing the said rents and profits may be declared by the court to belong to the complainant, and that the same may be decreed to be paid to him.

In the answer of Mary A. Hinds, she avers that she is the widow of the said grantor, Howell Hinds, who departed this life in said county of Washington, in the year 1868, intestate, seized and possessed of the lands conveyed by said deeds of trust, and that as such widow she is entitled to dower in the premises, and has a right to retain possession of the same until her dower shall be assigned her. And she further insists that the rent of said lands for the year 1870 belongs to her.

Upon the final hearing of the cause on the bill,

answer *pro confesso* as to defendants, E. P. Byrne and Thomas Hinds, and exhibits, the court decreed that the defendants deliver possession of the tract of land in said deed of trust and bill of complaint specified, to complainant, and that $1,500 of said rent be paid to the complainant and the remainder to defendant, Mary A. Hinds. And from this decree the defendants prosecute this appeal, and present for our consideration and determination the important question whether the said Mary A. Hinds, as the widow of the said Howell Hinds, deceased, is entitled to dower in the lands in controversy under the statute of 1857, which provides that the widow shall be entitled to "one-third part of all the lands, tenements and hereditaments of which her husband died seized and possessed, or which he had before conveyed otherwise than in good faith and for a valuable consideration, and whereof said widow had not relinquished her right to dower as provided for by law." Rev. Code of 1857, p. 467, art. 162.

It fully appears from the bill and the answer in this case, that the deed of trust of the lands embraced therein was executed to secure the payment of an antecedent debt due by the said Howell Hinds to Foley, Avery & Co. And it is insisted on the part of the appellant, Mary A. Hinds, that the conveyance was not for that reason for a valuable consideration, and did not affect her right to dower in the lands thereby conveyed.

It seems to be conceded by counsel in the argument that the appellant, Mary A. Hinds, was the wife of Howell Hinds at the time he executed the deed of trust under which the appellee claims title to the lands in controversy, and it not appearing that she had relinquished her claim to dower in the lands covered by said deed of trust, we will proceed to determine whether that instrument has the effect of precluding her right to dower in the premises.

Dower, being intended for the sustenance of the wife and the nurture and education of the younger children, is much favored by the law. And it has been held that our statute, authorizing a conveyance by the husband to operate as a bar of the widow's dower, being in derogation of her common law right, should receive such construction as will fully protect her rights within the limitation to the husband's power of alienation specified in it. Jiggitts v. Jiggitts, 40 Miss. 725.

In order to arrive at a correct solution of the question presented for our decision, it will be necessary to ascertain what is a valuable consideration in the conveyance of real estate.

Whatever the rule may be in the case of negotiable instruments, it is well settled that a conveyance of lands or chattels as a security for an antecedent debt will not operate as a purchase for value. 2 Lead. Cas. Eq. (3d Am. ed.) 104, and 2 Am. Lead. Cas. 233 (5th ed.) To constitute a party a purchaser for valuable consideration, he must have advanced some new consideration, either in money or property, or have relinquished a pre-existing security for his debt, or have done some act on the faith of the purchase itself which cannot be retracted. Rowan v. Adams, S. & M. Ch. 49; Rollins v. Callender, Freem. Ch. 295; Emanuel and Barnett v. White, 34 Miss. 56, 63.

In the case of Pope et al. v. Pope et al. 40 Miss. 516, Pope had executed a deed of trust to certain real and personal property, to secure antecedent debts due by him to D. B. Nabors & Co. It was insisted, on behalf of Nabors & Co., that they must be considered as purchasers for valuable consideration. But the court said, they do not occupy that attitude because it was not an absolute conveyance, but a mere security for a pre-existing debt. In such case, it is settled that a party does not come within the exception of the statute of frauds in favor of *bona fide* purchasers. And this doctrine is

re-affirmed in the case of McCloud v. First National Bank, 42 Miss. 112.

In Pack v. Harney, 4 S. & M. 255, the court say: "The statute protects a *bona fide* purchaser, because he parts with his money under the belief that he is getting a title uncontaminated with fraud. But the creditor parts with nothing. The giving of the deed of trust does not extinguish his debt, nor did he contract on the faith of such security. He is not a purchaser, nor does he part with his money for an interest in the land."

In the case of Perkins v. Swank, 43 Miss. 360, this court, in reviewing the case of Pope v. Pope, remark that, so far as the court declares that a deed in trust or mortgage, executed to secure a pre-existing debt, does not make the mortgagee a purchaser for value, so as to avail of the statute, we think is in accord and harmony with the authorities.

Mr. Chancellor Walworth, in the case of Dickerson v. Tillinghast, 4 Paige, 215, held that a transfer to a grantee in payment of a pre-existing debt, without giving up any security or divesting himself of any right, or placing himself in a worse situation than he was in before, of an estate upon which there was a prior unrecorded mortgage of which the grantee had no notice, did not make him a purchaser, in the sense of the rule, for a valuable consideration; but that there must be some new consideration in order to entitle him to a preference over the prior mortgagee.

Mr. Justice Story, in the case of Morse v. Godfrey, 3 Story, 390, in commenting upon the case last above cited, says: "I do not say that I am prepared to go quite to that length, seeing that, by securing the estate as payment, the pre-existing debt is surrendered and extinguished thereby; but here there was no such surrender, extinguishment or payment, and the general principle adopted by the learned chancellor is certainly

correct, that there must be some new consideration moving between the parties, and not merely a new security given for the old debts or liabilities, without any surrender or extinguishment of the old debts and liabilities or the old securities therefor." He further said, that the case of Swift v. Tyson, 16 Pet. 1, did not apply. In the first place, there the bill was taken in payment and discharge of a pre-existing debt; in the next place, it was a case arising upon negotiable paper, and who was to be deemed a *bona fide* holder thereof, to whom equities between other parties should not apply. Such a case is not necessarily governed by the same considerations as those applicable to purchasers of real or personal property, under the rule adopted by courts of equity for their protection.

The bill charges that said deed of trust and notes were made and executed by way of and for the purpose of a compromise of a large debt, amounting to double the amount of said promissory notes, before that time due and owing from said Howell Hinds to the firm of Foley, Avery & Co., who were to look solely to the land conveyed by said deed of trust as the only means for the payment of said debt. And the deed provides also, that owners of said several notes, their representatives and assigns, shall look, as stated in the bill, solely and exclusively to the lands embraced therein, for the payment of said debt and interest, it being the intention of the parties to said deed that upon the failure or default in the payment of said notes, the said conveyance shall be held and deemed a complete payment thereof, so far as the said Howell Hinds is concerned. This is in effect a sale of the land in payment of the debt, with a condition of re-purchase upon payment of the notes; and, although a precedent debt, is not a consideration that will raise or sustain a bargain and sale of lands (Ward v. Lambert, Croke Eliz. 394; Doe v. Hampton, 8 Ired. 457), unless the

deed is taken in satisfaction, and not merely as a collateral security. Yet such a conveyance may be good as an equitable assignment, because equity looks to the object which is the ultimate satisfaction of the debt. 2 Am. Lead. Cas. 168; 3 Lead. Cas. Eq. (3d Am. ed.) 368.

In the case under consideration, it may be said that the deed was taken in satisfaction. It was the result of a compromise by which Foley, Avery & Co. relinquished one-half of their claim against Howell Hinds, and took, as stated in the bill and covenanted in the deed, and not denied in the answer, the conveyance of the lands in controversy, which, in the language of the deed, " shall be held and deemed a complete payment" of the othor half of said indebtedness. And all the authorities agree, that if the creditor relinquish a pre-existing security for his debt, that will constitute him a purchaser for valuable consideration, and if that be so of the security merely, *a multo fortiori*, must the relinquishment of the debt itself have that effect?

And the authorities generally agreed that where the conveyance is not in extinguishment and discharge of the debt, there must be some new consideration moving from the creditor to the debtor, but that consideration need not, however, consist in the payment of money or money's worth. If the creditor cedes any existing right, or agrees to forbear enforcing his remedies and give time, there is a valuable consideration in the legal sense of the term. The transfer of a note or bill of exchange in satisfaction of debt, is consequently a negotiation for value, because the creditor gives up his original demand, and would be without remedy if he could not enforce the obligation which has been given in exchange. 2 Am. Lead. Cas. 226; Goodman v. Simons, 20 How. (U. S.) 343, 371; Emanuel v. White, 38 Miss. 56.

The giving time of payment was said, by Chief Jus-

tice Gibson, in the case of Petrie v. Clark, 11 Serg. & Rawle, 377, 388, to be a present and valuable consideration, and a pledge on such terms the same as a pledge for money down; and this remark was cited and confirmed by Mr. Justice Rogers, in Depaw v. Waddington, 6 Whart. 220, 236, with the additional observation that, in cases of this description, the existence of a consideration is every thing, its amount or adequacy nothing, unless it is a merely colorable consideration.

The record shows that at the time this transaction took place, time was given to pay the notes which were given in renewal of that portion of the pre-existing debt, which had not been relinquished, from one to five years inclusive. This constituted the creditors, according to the current of authorities, purchasers for a new and valuable consideration.

Upon the whole, we consider that the giving up one-half of the debt, and giving time for the payment of the other half, and that Howell Hinds was discharged from the debt, and that Foley, Avery & Co. were to rely solely upon the land for the payment and satisfaction of their claim against the said Hinds, take this case out of the rule of law laid down in the forepart of this opinion with respect to securities for antecedent debts, and furnish a valuable consideration for said conveyance within the true intent and meaning of our statute, so as to bar the widow of dower in the premises.

The decree of the court below must, therefore, be affirmed.