## F. A. MONTGOMERY *v.* T. R. McGUIRE ET AL.

1. FRAUDULENT CONVEYANCE. *Sheriff's sale. Debtor's declarations.*
   If the grantor in a voluntary conveyance declares, at a subsequent sale under an execution against him, that he is thereby perfecting his grantee's title, this declaration is admissible, under a bill to cancel both deeds, as part of the *res gestæ* of the sheriff's sale. *Cameron v. Lewis, ante,* 134, distinguished.

2. SAME. *Purchaser in good faith. Valuable consideration.*

A purchaser at the execution sale, who makes a deed of gift to the grantee, cannot escape the consequences of the grantor's fraud in such a case upon the ground that he had no notice thereof, if the purchase-money was derived, not from his skill, but from a business established with the grantor's funds, in fraud of his creditors.

3. SUPREME COURT. *Costs. Defective transcript.*

Where a case is reversed and remanded, the appellee is not chargeable with the cost of the transcript of the record from the lower court, unless it is made out in accordance with the thirty-second rule of the Supreme Court.

APPEAL from the Chancery Court of Bolivar County.

Hon. W. G. PHELPS, Chancellor.

*Nugent & McWillie* and *Charles Scott*, for the appellant.

The entire scheme was fraudulent. After procuring the issuance of an execution upon the judgment against himself, Joseph McGuire, who had vested in his son, O. G. McGuire, a title by gift, in order to perfect it as he stated at the execution sale, had another son to purchase from the sheriff. The money used in this purchase was derived from a mercantile business in which Joseph McGuire furnished the capital, and it, therefore, belonged to him. His declaration at the sheriff's sale is therefore admissible as evidence of the intent with which he was carrying out this scheme, and O. G. McGuire's title is affected by the fraud, although neither he nor C. L. McGuire heard the declaration.

*Simrall & Magruder*, for the appellees.

The declaration of Joseph McGuire is inadmissible to prove a conspiracy, or until one is established. *Street* v. *State*, 43 Miss. 1. The sheriff's sale was not fraudulent, even if Joseph McGuire's declaration is admissible. And in no event can O. G. McGuire and C. L. McGuire, who were ignorant of the fraud, if any existed, be affected thereby. How could the insolvent judgment debtor defeat the sale of his property by any declarations which he should make at such sale? C. L. McGuire paid his own money for the land. A suspicion is all that results from the evidence. O. G. McGuire was passive, and C. L. McGuire, who purchased for value, had no notice, which the proof shows. Fraud must be clearly proved. *Hatch* v. *Bayley*, 12 Cush. 27; *Stiles* v. *Lightfoot*,

26 Ala. 443 ; *Blow* v. *Gage*, 44 Ill. 208. No fraudulent intent on Joseph McGuire's part affected C. L. McGuire, unless it was communicated to him. Bump Fraud. Con. 544, 547, 548. The Statute of Frauds does not embrace sheriff's sales. *Meggot* v. *Mills*, 1 Lord Raym. 286 ; *Watkins* v. *Birch*, 4 Taunt. 823 ; *Guthrie* v. *Wood*, 1 Starkie, 367. While a conspiracy between an interested judgment debtor and the purchaser to benefit the former would vitiate the sale, Joseph McGuire, in this case had conveyed to his son, and was in no way interested in the land, and could be in no manner benefited by the price for which it sold.

COOPER, J., delivered the opinion of the court.

Prior to October, 1866, Joseph McGuire was indebted to the complainant and to other persons in large amounts, and in October the complainant and one Harris recovered judgments against him on their claims, which judgments were not enrolled, but executions under which were levied on the lands in controversy. A few days before the rendition of these judgments, and while suits were pending, Joseph McGuire made voluntary conveyances of the most valuable portions of his lands to his daughter, Mrs. Jones, and to his sons, T. R. and O. G. McGuire. At this time he was the owner of a small personal estate, which, added to his real estate retained by him, would not have been sufficient to pay his debts. In 1867 and 1868 his personal property was reduced to an insignificant value by the death of his mules from Charbon. In 1866 he gave to his son, C. L. McGuire, between one thousand and fifteen hundred dollars, to enable him to engage in the mercantile business, which sum was by the son embarked in merchandising in a business conducted by himself and Mr. Jones, his brother-in-law. In July, 1867, an execution under the judgment in favor of Harris (which was for about two hundred and seventy dollars), was levied on the land which had been conveyed to O. G. McGuire, sale was made thereunder, and the land was purchased by C. L. McGuire for an amount just equal to the judgment and costs of suit. In a few weeks C. L. McGuire conveyed the land to his brother, O. G. McGuire, who paid nothing therefor. The complainants

exhibited this bill, praying that all the conveyances from Joseph McGuire, and the conveyance from the sheriff to C. L. McGuire, and the conveyance from C. L. McGuire to O. G. McGuire, should be cancelled as fraudulent, and the land sold by a commissioner of the Chancery Court for the payment of his judgment. On final hearing, the Chancellor decreed cancellation of the conveyances to Mrs. Jones and to T. R. McGuire, and that sale should be made of the lands described therein for the payment of the debt due the complainant, but dismissed the bill as to the land conveyed to O. G. McGuire, from which decree the complainant appeals.

We approve the decree in so far as it granted relief against the conveyances made to Mrs. Jones and T. R. McGuire, but are of opinion that the title of O. G. McGuire is equally fraudulent, and ought not to be permitted to stand as against the creditors of Joseph McGuire. It is evident that the Chancellor declined to grant relief as to these lands only because of the sale thereof under the Harris judgment and the purchase by C. L. McGuire. It appears from the evidence that on the day of this sale Joseph McGuire approached the attorney of the complainant, and said to him that he desired the attorney not to interfere with the sale about to be made, by bidding on the land, because he (Joseph McGuire) was only causing the sale to be made to perfect the title of his son, O. G. McGuire, to the land. This shows the fraudulent intent of Joseph McGuire. It is urged that this evidence of the declarations of Joseph McGuire (to which objection was made in the court below) was incompetent and ought not to have been received, because it was the declaration of the grantor made subsequent to his conveyance. If the declaration related to the conveyance made by Joseph to his son, the objection would prevail. *Cameron* v. *Lewis*, ante, 134. But it had reference to a transaction then occurring, as to which it was material and relevant to show the motive and intent of the declarant, and the evidence was therefore admissible, because it was a part of the *res gestæ*, and was the very best evidence which the nature of the case admitted. *Stovall* v. *Farmers' Bank*, 8 S. & M. 305.

C. L. McGuire was not present when this declaration was

made, and if therefore he was a *bona fide* purchaser for value he would not be affected thereby, but by his own testimony it is shown that he was not such purchaser. He states that the money paid by him at the sale was derived from the business established by the funds furnished by his father. As to this fund, he occupied as to the creditors of his father exactly the same position which O. G. McGuire occupied toward them as to the land. If T. R. McGuire and O. G. McGuire had exchanged with each other the lands conveyed to them respectively by their father, it is evident no validity would thereby have been given to the title of either, because the creditors would still have the right to subject either and both tracts of land to the payment of their demands. So it was when C. L. McGuire paid the amount of his bid to Harris, the creditor, he rendered to him only that which he had a right to demand without regard to the execution sale. It was just as if the father had bid for and purchased the property, because it was, as to the creditors, the money of the father which paid the bid. It is unnecessary to decide what would have been the result if the evidence had shown that the purchase money paid by C. L. McGuire arose from profits realized by him, by the exercise of his personal skill or labor, in the business instituted by the funds furnished by his father. There is no such proof in the record, and if such was the fact it devolved on the defendants to establish it.

The decree will be reversed and cause remanded, with instructions to the Chancery Court to render a decree in accordance with this decision. O. G. McGuire will pay the costs of this appeal, except the cost of the record. No costs are to be allowed for this because not made out according to rule 32 of this court.

*Decree accordingly.*