J. L. HARRIS & CO. v. A. A. LOMBARD.

1. PLEDGE.   *Pre-existing debt.   Distinction between pledge and sale.*
   Where a debtor gives up to his creditor personal property for the latter "to sell the same and apply the proceeds to the payment of" a pre-existing debt, the creditor is not to be regarded as a purchaser, but as a pledgee taking the property as a security for his debt.

2. SAME.   *Purchaser for value or pledgee.   Intent of parties.*
   A creditor who accepts a pledge for a pre-existing debt is not a purchaser for value, and the validity of the transaction, as against other creditors of the pledgor, is determinable, not alone by the good faith of the pledgee, but also by the lawful or unlawful intent of the debtor in making the pledge.   It would be otherwise, if the creditor take the property as a purchaser, relinquishing his debt, in whole or in part, as the consideration for the purchase; in which case, the creditor being a purchaser for value, would not be affected by the fraudulent intent of the vendor, if he have no notice thereof.

APPEAL from the Circuit Court of Leake County.

Hon. A. G. MAYERS, Judge.

On the 23d day of November, 1881, J. L. Harris & Co. sued out a writ of attachment against J. T. Boyd, and caused the same to be levied upon certain personal property, which the sheriff took into his possession.   A few days thereafter, Mrs. A. A. Lombard filed an affidavit, claiming that the property was hers, and that it was not liable to the plaintiffs' attachment.   An issue was made up and tried, and a verdict was rendered in favor of the claimant.   The plaintiffs made a motion for a new trial, which was overruled, and they appealed.

The evidence for the claimant tended to show that the property in controversy, consisting principally of a stock of goods, was turned over to Mrs. Lombard by Boyd just before the levy of the attachment, " for her to sell the same, and apply

the proceeds to the payment of what he owed her." Boyd owed Mrs. Lombard a debt past due before the goods were turned over to her.

The appellants assigned for error the action of the court below in giving the instructions granted the claimant; but as the purport of those instructions is sufficiently stated in the opinion of the court, they need not be set out here.

*G. Q. Hall*, for the appellants.

The court below, in effect, instructed the jury that the claimant is a purchaser for value, and consequently protected by her want of knowledge of any fraudulent purpose on the part of Boyd.

The authorities agree that to constitute a purchase for value, some new consideration must be advanced, or pre-existing security relinquished, or valid debt extinguished, or the purchaser must have done some act on the faith of the purchase which cannot be retracted. *McLeod* v. *First Nat. Bk.*, 42 Miss. 99, and cases cited; *Perkins* v. *Swank*, 43 Miss 349; *Hinds* v. *Pugh*, 48 Miss. 268; *O'Hara* v. *Alexander*, 56 Miss. 317; White & Tudor Ld. Cas., pt. 1, pp. 82 to 83; 3 Wait's Ac. & Def., 475. Even a purchase in consideration of money to be paid, or secured to be paid, if not paid before notice, will not constitute the grantee a purchaser for value. *Kilercase* v. *Lum*, 36 Miss. 569; *Servis* v. *Beatty*, 32 Miss. 52; *Lisloff* v. *Hart*, 25 Miss. 245; 3 Wait's Ac. & Def. 475. Then, certainly, where, as in the case at bar, there is no new consideration, nor present extinguishment of a debt, no rights lost, where nothing has been done which cannot be retracted, the claimant is not entitled to the immunities of a purchaser for value, nor relieved from the effects of the fraud of Boyd, by reason of her ignorance or innocence. *Surget* v. *Boyd*, 57 Miss. 488, 489, citing and explaining *Humey* v. *Peck*, 4 Smed. & M. 229; *Pope* v. *Pope*, 45 Miss. 516; *Perkins* v. *Swank*, 43 Miss. 349, and *Hinds* v. *Pugh*, 48 Miss. 268.

Of course, if there was no evidence of fraud on the part of the seller, there would be no occasion to invoke the doctrine

of *bona fide* purchaser, as announced in *Surget* v. *Boyd*, 57 Miss. 488. But in the case at bar there is evidence of fraud on the part of the seller, — the record is full of it, — and it was error for the court to exclude it from the consideration of the jury. In fact, the establishment of a fraudulent purpose on the part of J. T. Boyd, would force claimant to invoke the doctrine of *bona fide* purchaser, and her recognized inability to do so would defeat her claim. *Surget* v. *Boyd*, 57 Miss. 488, and cases therein cited.

*G. M. C. Davis*, for the appellee.

I think that the several instructions given for appellee fully expound and properly announce the law of the case.

The gist of the whole case, as shown by the testimony, is simply this : at the time, and before the sale of this property to appellee, Boyd was largely indebted to appellee, and was also indebted to appellants and others. Boyd found that he could not pay all his debts, and that appellants were going to oppress him, and feeling under stronger moral obligations to appellee than his other creditors, he preferred her and paid her the property in question on said indebtedness, and she accepted the same and took possession and was to apply the proceeds of said property as a credit on his indebtedness. It cannot be contended that because the amount of the credit was not ascertained and made before levy, that the title did not pass to appellee, for such a rule would be right in the face and policy of *Baldwin* v. *Flash, Preston & Co.*, 58 Miss. 593 ; 13 Smed. & M. 615 ; 2 Ga. 257.

It is not even contended that the sale of said property to appellee was a trick, or device, or sham, or that Boyd retained any interest therein, either directly or indirectly. It is admitted and proven that before the levy of plaintiffs' attachment on said property, it had been turned over to appellee to be credited on the indebtedness of Boyd, and she took possession of the same, and was in possession when the levy was made.

The only ground that plaintiffs urge, with any seriousness, is

that the sale was made to defraud plaintiffs or other creditors; but this very question was submitted to the jury under a most liberal charge asked by plaintiffs and given by the court.

There is nothing in the testimony to show a purpose, even, on the part of Boyd to defeat plaintiffs' claim, although the sale to appellee might have that effect.   Boyd's purpose was to secure appellee — not to defeat plaintiffs — and if securing her defeated them, it is but the consequences and effect of the act, and not its purpose.

Besides there is no shadow of testimony that would in any way connect appellee with any collusion with Boyd, or fraud against any creditor.   She sought the collection of her claim, and when an offer of payment was made by turning said property over to her to be sold and applied as a credit, she gladly accepted it.

COOPER, J., delivered the opinion of the court.

There is nothing in the evidence in this case, proving, or tending to prove, that Mrs. Lombard, the claimant, was a purchaser of the property attached.   Her right, if any she has, is that of a pledgee holding the property as security for a pre-existing debt, with authority to sell it in the usual course of trade, and to apply the proceeds to the satisfaction of her debt against Boyd.

In the court below, the case was tried as if the same rules of law were applicable whether she occupied the attitude of purchaser or pledgee, and the instructions, both for the plaintiff and claimant, propounded the law applicable to a purchaser for value.   If Mrs. Lombard had purchased the goods in good faith from Boyd, relinquishing in whole or in part her debt against him as the consideration of the purchase, her title would have been valid, regardless of the fraudulent intent of her vendor (if any such existed), of which she had no notice. The relinquishment of her debt would have constituted her a purchaser for value.   *Hinds* v. *Pugh*, 48 Miss. 268; *Soule et al.* v. *Shotwell et al.*, 52 Miss. 236; *Love* v. *Taylor*, 26 Miss.

567 ; *Perkins* v. *Swank*, 43 Miss. 349.    On the other hand, one who accepts a mere security for a pre-existing debt is not a purchaser for value, and the validity of the transaction, as against the creditors of the debtor, is determined, not alone by her good faith, but by the lawful or unlawful intent of the debtor in making the security.    *Surget* v. *Boyd*, 57 Miss. 485 ; *Craft* v. *Bloom*, 59 Miss. 69 ; *Montgomery* v. *McGuire*, 59 Miss. 193.

If an assignment of the property levied on was before that time made by Boyd to Mrs. Lombard with the *bona fide* purpose of securing the payment of the debt due to her, and with no intent on his part thereby to defraud his creditors, or unlawfully to hinder or delay them, the assignment is valid, although the result may be that other creditors are thereby hindered and delayed in the collection of their debts ; but if the intent of Boyd in making the assignment was thereby to defraud, or unlawfully to hinder or delay his creditors, or the plaintiffs only, it is void as to such creditors.    Every assignment of property by a debtor, necessarily withdraws for a time the property assigned from subjection to his debts by legal process.    But the law which permits the assignment, necessarily tolerates its consequences.    The necessary consequences of a legal act cannot be illegal ; so, too, the exercise of the right to prefer one creditor withdraws from other creditors the property appropriated to the payment or security of the preferred claim ; but as it is lawful to do this, other creditors cannot claim that its effect is to prevent them from realizing their debts from the property assigned.    The exercise of a legal right is not a fraud.

On the other hand, a debtor assigning property as security to one of several creditors, must do nothing inconsistent with the rights of such other creditors.    He cannot use a valid debt as a cover for *covinous* concealment of his property, he cannot provide for any benefit to himself, he can only make a real transfer really to pay or secure a real debt.

The court erred in instructing the jury that Mrs. Lombard's

rights were to be, or might be, tested as if she was a purchaser for value, because there was no evidence from which the fact of such purchase might be inferred, and also in instructing the jury that the declarations and acts of Boyd could not affect her rights unless she had notice thereof before she acquired the goods. Whatever he did or said tending to prove the intent with which he made the transfer was competent evidence, and ought to have been left to the jury without regard to Mrs. Lombard's knowledge or want of knowledge thereof. We will not be understood as expressing any opinion on the facts of this case further than to say that they ought to have been submitted to the jury with proper instructions as to the law applicable to them.

The judgment is reversed.