ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* ROBERTA T. DALTON.

JUSTICE OF THE PEACE. *Terms of court. Continuance. Default. Code* 1892, § 2399.

> Although under Code 1892, §2399, a justice of the peace may continue to hold court from day to day following his regular court day so long as business may require, he is required by said section to hold regular terms, and an adjournment of his court from a regular court day to a day other than his next regular court day on the mistaken idea that the day of adjournment is a legal holiday, is unauthorized, and a judgment by default rendered on the day to which he so adjourned is void.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

The appellee, Mrs. Dalton, was plaintiff, and the appellant, the railroad company, was defendant in the court below.

Appellee filed suit in a justice of the peace's court against appellant, and service was had on the defendant. On the return-day the cause was continued until the next term of the justice of the peace's court, and that term came on the 4th day of July, and the justice of the peace adjourned his court until

the next day, not taking up any cases on the 4th. On the 5th day of July judgment by default was taken by appellee against appellant, and after the five days allowed to appeal had elapsed she caused an execution to be issued, when appellant filed its petition for a writ of *certiorari,* the material allegations of which are set out in the opinion of the court. The writ was granted, and on the trial of the cause in the circuit court the justice of the peace testified that Monday, July 4th, was his regular court day, but on that day he adjourned all matters then pending before him until July 5, 1904; that his docket showed that this was done on account of the 4th being a legal holiday. Mrs. Dalton made a motion to dismiss the petition and writ of *certiorari,* which the court sustained. From that judgment the Alabama Great Southern Railroad Company appealed to the supreme court.

*Fewell, Bozeman & Fewell,* for appellant.

The justice of the peace had no right to try any case on a day not his regular court day. *Rice* v. *Locke,* 59 Miss., 189; *Leavenworth* v. *Crittenden,* 62 *Ib.,* 573.

*Ethridge & McBeath,* for appellee.

Several terms of the justice's court intervened between the return-day of the process and the judgment by default. The justice regularly convened his court and adjourned until the next day, July 5th, all litigants and attorneys present being notified that all cases would be called and tried on the 5th. If the appellant or its counsel attended court on July 4th, there was no absence of notice, and appellant cannot complain if neither it nor its counsel attended court on that day, which was the regular court day. Under Code 1892, § 2399, the justice was clearly empowered to adjourn his court from day to day.

TRULY, J., delivered the opinion of the court.

The judgment by default rendered by the justice of the

peace on the 5th day of July was absolutely void.   Code 1892, § 2399, provides that justices of the peace shall hold regular terms of their courts at such times as they may appoint, not exceeding two and not less than one in every month, and "may continue to hold their courts from day to day so long as business may require."   In the instant case it appears from the petition for a writ of *certiorari* that the regular term of court of the justice of the peace was on the 4th day of July.   On this date the docket of the justice shows that court was continued from July 4th to the 5th by reason of supposed legal holiday. The petition of appellant states, and is uncontradicted, that it was not advised of this postponement of its case from the regular term of court to another day, and so, not being notified, it was not represented, and that it did not learn that judgment had been rendered against it until long after the expiration of the statutory period allowed for appeals from judgments rendered by justices of the peace.   Had the justice of the peace held court on his regular day, and the business before the court rendered it necessary, it would have been proper to have continued the term of his court until the succeeding day, and from day to day until all pending business was disposed of.   It affirmatively appears in this record, however, that the postponement of this case to a later day in vacation was not because business required, but by reason of a mistaken idea on the part of the justice that July 4th was a legal holiday.   The statute is mandatory that all process issued by justices of the peace shall be returnable to, and all trials shall take place at, his regular terms of court, except in certain excepted cases in the statute provided.   In default of agreement between parties litigant, a justice of the peace must try cases at his regular terms.   He has no authority of his own motion to set cases for trial in vacation.   The evils and inconvenience which would probably result from such practice are many and apparent.  *Rice* v. *Locke,* 59 Miss., 193.

*Reversed and remanded.*