# FREDERICK E. RATCLIFFE, *vs.* LAWRENCE SANGSTON, and others.

In replevin for goods, by the vendor against trustees claiming under a deed of trust from the vendee, for the benefit of his creditors, the vendee, after mutual releases executed by him and the trustees, is a competent witness for the defendants.

A deed of trust for the benefit of creditors, to three trustees, that they, "their executors, administrators and assigns, the survivors and survivor of them, his, her or their executors, administrators and assigns, or a *majority of them*, shall forthwith take possession, and sell the goods," &c., implies that a majority of the *trustees* may execute the trust.

Where a deed of trust is made to several trustees, and a part disclaim the trust, the others will take both the legal estate, and the power to administer the trust, unless the *intention*, that *all* shall act, is *expressed*, or *clearly implied* from the conveyance.

An assignment of goods by a fraudulent vendee, for the benefit of his creditors, in consideration of a pre-existing indebtedness, confers *no title* as against the defrauded vendor, who may avoid the sale and recover the goods from the assignee, who has no notice of the fraud; such assignee is not a purchaser for a valuable consideration.

APPEAL from the Superior Court of Baltimore City.

*Replevin*, brought May 15th, 1854, by the appellant against the appellee. Pleas *non cepit*, and property in defendants.

1*st Exception:* The plaintiff proved that the goods replevied, were purchased in March, April and May 1854, by George W. Yerby, of the firm of Yerby, Tebbs and Yerby, in Washington, by making false representations to the plaintiff in New York, and that the plaintiff sold the goods to him on credit, exclusively upon the faith of such representations; that the goods so obtained and never paid for, were by that firm sent from Washington to Baltimore to the defendants, and placed in their charge, and were replevied by the writ in this case. The defendants, Hurst, Sangston and Hodges, claimed them under a deed of trust from said firm, dated May 9th, 1854. By this deed said firm conveyed all their goods in their store, in Washington, and all debts, &c., due by them to the defendants, in trust that *they*, "their executors, administrators and assigns, the sur-

vivors and survivor of them, his or their executors, administrators and assigns, *or a majority of them,* shall forthwith take possession of said goods," &c., and proceed to sell, &c., and apply the proceeds, first, to pay the debts in schedule A, attached to the deed, (among which were debts due the grantees;) secondly, those in schedule B; and thirdly, those in schedule C; and the balance, if any, to the grantors. By an endorsement on this deed, dated May 15th, 1854, Sangston, one of the parties, renounced the trust, and assigned his rights and powers as trustee to his co-trustees; but the proof shows he acted as trustee till this suit was brought. The defendants offered said George W. Yerby, as a witness, and his competency being objected to, mutual releases were executed between him and the defendant. The plaintiff still objected to his competency, but the court (LEE, J.) overruled the objection, and decided he was competent to testify for the defendants, and to this ruling the plaintiff excepted.

*2nd Exception:* The defendants then examined said Yerby and he gave evidence tending to contradict the evidence offered by the plaintiff. The plaintiff then asked the court to instruct the jury:—

1st. That the deed of trust does not authorize any two, or any number less than the three joint trustees, to take possession of, and sell the goods for, the purpose of the trust.

2nd. That this deed is void on its face, for fraud, and conveys no title to the trustees.

3rd. That if the jury believe the goods replevied were sold by the plaintiff on credit, to the witness Yerby, by and through false and fraudulent representations made by him for the purpose of procuring such sale, then no title passed to him or the firm of Yerby, Tebbs and Yerby, and the plaintiff is entitled to recover said goods as against the defendants, if the jury find the defendants claim them under said deed of trust, and not otherwise.

4th. That the consideration of pre-existing indebtedness, is not sufficient in law to constitute a valuable consideration in

said deed of trust, so as to invest the defendants claiming under it with a higher or better title than the grantors therein.

5th. That on the issue under the plea of *non cepit*, the plaintiff's are entitled to a verdict, if the jury find the defendants had possession of the goods as alleged in the *nar.*, even though they may find the issue of property for the defendants.

The court rejected these prayers, and instructed the jury in effect, that if they find the goods were obtained by Yerby, by means of false and fraudulent representations, and that the defendants received them under the deed of trust, *with notice* of such fraud, the plaintiff is entitled to recover. The plaintiff excepted to the rejection of his prayers and to the instruction given by the court, and the verdict and judgment being against him appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Robert J. Brent* and *John P. Poe*, for the appellant.

1st. Yerby was an incompetent witness. He was called to sustain the plea of property in defendants, under a title vested in them by a deed from him and his co-partners. The validity of this deed was one of the main questions in the case, and he, as one of the grantors, was directly interested in establishing it. The effect and object of his testimony were, to negative the fraud which underlay the plaintiff's whole case, and by setting up his own deed, to appropriate, to the payment of his debts, the goods he had fraudulently obtained from the plaintiff. Nor was his incompetency removed by the releases executed, for his interest to pay his debts with the plaintiff's property, was, from its nature, one that he could not release to the trustees, nor they to him, and there is no release on the part of his creditors. 11 *Md. Rep.*, 228, *Williams vs. Banks.*

2nd. No title to the goods passed by this deed, but the false and fraudulent representations, by which, alone, they were acquired, rendered the sale voidable. Such a sale confers no

Ratcliffe *vs.* Sangston, *et al.*

title upon the vendee, except at the option of the vendor, and none on the assignee of the vendee, unless such assignee be one, who, *on the faith of such assignment*, has, *bona fide*, and without notice, became the creditor of such fraudulent vendee. No such case is here disclosed. These trustees *did not become the creditors* of this firm upon the faith of this transfer to them, but are simply trustees, having no superior equities, and clothed with no higher rights than their assignors. They are not looked upon as purchasers for valuable consideration without notice, nor will even an antecedent indebtedness support such a title as against the innocent and defrauded vendor. 9 *G. & J.*, 278, *Powell vs. Bradlee.* 12 *G. & J.*, 341, *Repp vs. Repp.* 2 *Kent*, 689, *note.* 13 *Wend.*, 570, *Root vs. French.* 2 *Barb.*, 475, *Leger vs. Bonnaffe.* 6 *Johns. Ch. Rep.*, 437, *Haggerty vs. Palmer.* 4 *Sandf, Ch. Rep.*, 498, *Addison vs. Burckmyer.* 17 *New York Rep.*, 28, *Griffin vs. Marquardt.* 3 *Gray*, 550, *Coghill vs. Railroad Company.* 4 *Whart.*, 500, *Knowles vs. Lord.* 2 *Ired. Eq. Rep.*, 382, *Woody vs. Litton.* 16 *Eng. Law & Eq. Rep.*, 408, *Stevenson vs. Newnham.* 34 *Eng. Law & Eq. Rep.*, 607, *Kingsford vs. Merry.*

3rd. But even if a pre-existing indebtedness could support such an assignment, still the deed was inoperative, because of the renunciation of the trust by Sangston, one of the trustees. *Hill on Trustees*, 307, 308. *Lewin on Trusts*, 298, 398. 9 *Sergt. & Rawle*, 99, *McCready vs. Guardians, &c.* 1 *Barn. & Ald.*, 608, *Townsend vs. Wilson.*

*St. George W. Teackle* and *Wm. J. Ward*, for the appellees.

1st. The releases restored the competency of Yerby if he was incompetent before. 2 *G. & J.*, 132, *Glenn vs. Von Kapff.* 8 *Gill*, 139, *Smith vs. Morgan.* 7 *Md. Rep.*, 582, *Pegg vs. Warford.* 10 *Md. Rep.*, 269, *Scaggs' Case.* 16 *Md. Rep.*, 260, *Crane's Case.* His liability under the implied warranty to his vendees, was terminated by the release of the parties holding the title, and to whom such liability was

Ratcliffe *vs.* Sangston, *et al.*

due, and his interest in the residue after the application of the trust fund in the manner designated, was extinguished by his release of all claim and interest in and to the entire property or estate conveyed, and in the residue thereof.

2nd. The deed specifically gives power, upon the renunciation by one to the two remaining trustees, constituting a majority to act. The words, *"or a majority of them,"* necessarily apply to the trustees, and not to their personal representative or assigns, for they are directed *forthwith* to take possession. But in the absence of any such power expressly given, the two were empowered to act;—to require the joint action of all, the deed must expressly so provide. *Hill on Trustees,* 226. 9 *Barn. & Cress.*, 307, *Small vs. Marwood.* 4 *Ves.*, 97, *Crewe vs. Dicken.* 2 *Swans.*, 365, *Nicolson vs. Wordsworth.* But the evidence shows, that Sangston accepted the trust and acted up to the very day this replevin was brought, and if so, he was properly made a party to this suit. *Hill on Trustees,* 221. 1 *Anstr.*, 65, *Richardson vs. Hulbert.*

3rd. If fraud and false representations were established as alleged, though no title passed to Yerby or his firm, yet the plaintiff is not, therefore, entitled to recover against the defendants, although claiming under the deed and not otherwise; their claim as trustees simply is valid. A *bona fide* assignment of his property by an individual to a trustee, for the benefit of his fair creditors, is a valid sale and transfer of the property for a valuable consideration. 6 *G. & J.*, 220, *State vs. Bank of Maryland.* If an insolvent merchant purchases goods not intending to pay for them, and after getting possession conveys them and all his other estate, in trust, for the payment of his debts, the trustee having *no notice* of the fraud, is a purchaser for value without notice. 13 *Grattan*, 427, *Wickham, et al., vs. Lewis, Martin & Co.* 6 *Grattan*, 268, *Williams vs. Given.* 16 *Eng. Law & Eq. Rep.*, 408, *Stevenson vs. Newnham.* 12 *Pick.*, 307, *Rowley vs. Bigelow.* 2 *Pick.*, 184, *Somes vs. Brewer.* 6 *Pick.*, 262, *Smith vs.*

*Dennie.* 3 *Caine's Case,* 182, *Hollingsworth vs. Napier.* 5 *Term Rep.,* 175, *Parker vs. Patrick.* The trustees here assumed responsibilities, expended time and money in the reception, removal, storing and arranging the trust property:—none of the creditors preferred by the deed became such after the sale and delivery of the goods—and each of the trustees was a creditor of the firm, and the claim, in large portion, of at least one of them, arose since the purchases. by the firm in 1854. Under such circumstances the title, it is submitted, passed to the trustees, and they are to be regarded as purchasers for value without notice of the fraud.

COCHRAN, J., delivered the opinion of this court.

This suit was instituted by Frederick E. Ratcliffe, to recover certain articles of merchandise sold and delivered by him to the firm of Yerby, Tebbs & Yerby, upon representations alleged to have been false and fraudulent, made by George W. Yerby, one of its members, and which were assigned by that firm, in trust for the benefit of its creditors, to the appellees.

Two exceptions are presented in the record, the first of which was taken to the competency of George W. Yerby, who was examined as a witness by the appellees. The disqualifying interests, presumed from a possible residue of the trust estate after the payment of creditors, and resulting from the warranty implied by the deed of assignment, we think, were legally divested and extinguished by the mutual releases executed by him and the appellees.

The interest he was supposed to have adverse to the appellant, was balanced by his primary liability for the goods in controversy, and, for that reason, could not affect his competency. His interest in having the property assigned, applied to the payment of creditors according to the preferences expressed in the deed, as well as that to be presumed, in others respects, from his relations to the parties in the case, might have affected his credibility, but not his competency. At the time he was offered as a witness, he does not appear to have had any inter-

est sufficient to have rendered him incompetent, and, in our opinion, his evidence was properly admitted.

The other exception, taken to the rejection of the appellant's prayers, and to the instruction given by the court, embraces several propositions, a separate consideration of which becomes necessary.

The instruction asked in the first prayer, that the deed to the appellees did not authorise any number less than all of them to take possession of the property conveyed, and execute the trusts declared, we think was properly refused. The deed expressly provides, that the appellees, "their executors, administrators and assigns, the survivors or survivor of them, his or their executors, administrators and assigns, *or a majority of them,*" should forthwith take possession of the property described, &c., and, by a reasonable construction, implies, if it does not expressly declare, the power and authority of a majority of the appellees to execute its provisions. Where a conveyance of property is made to several persons as trustees and a part of them disclaim the trust, the others "will take not only the entire legal estate, but also all the power and authority requisite for the administration of the trust," unless the intention, that all the persons named as trustees shall act, be expressed or clearly implied from the conveyance. If, in such a case, the grantor use expressions showing that the execution of the trust, by any number less than all of the grantees named, was contemplated, the disclaimer of the trust by any one of them will not invalidate the deed, nor impair the power or authority of the others to execute the trusts declared. *Hill on Trustees*, 226, and authorities there cited.

The determination of the question, whether the appellee, Sangston, divested himself of the trust by the instrument executed for that purpose, is immaterial, as, in either case, the terms used in the deed, or the evidence of Hurst, showing that Sangston acted under it until this suit was instituted, fully justified the refusal of the instruction prayed.

The instructions sought by the second and fifth prayers, we

think, were also properly refused, but as the propositions they present were not urged by the appellant, in the argument of the case, we forbear the expression of a more extended opinion upon them.

The proposition of the fourth prayer is substantially embraced in that presented by the third, and for that reason they will be considered together. The principle contended for in these prayers is, that goods assigned to a creditor, in trust for the benefit of creditors, by a vendee who purchased them upon fraudulent representations, may be reclaimed and recovered by the defrauded vendor, although the trustee may have received them from the vendee, under the deed, without notice of the fraud; or, in other words, that the voidable title of the vendee is not perfected in the hands of a trustee, by a deed of assignment for the benefit of creditors.

In the argument it was admitted, that although a vendor, in such a case, might avoid a sale induced by false representations, and reclaim the goods sold, from the fraudulent vendee, the right would be defeated by an assignment or transfer of them for a valuable consideration, without notice of the fraud. There is no pretence of such a notice in this case, and the sufficiency of consideration for the deed, under which the appellees resist the claim of title asserted by the appellant, is therefore the only remaining point to be determined. We think the rule for ascertaining the sufficiency of consideration, in such a case, is well settled. Where the consideration for an assignment or transfer from a fraudulent vendee is such, that, after a reclamation and recovery by the vendor, the assignee or transferee would remain in the same condition as before the assignment or transfer, it is not sufficient. To make such an assignment or transfer valid against the defrauded vendor, something of value, in the way of property or money, should be given or advanced, some service rendered or liability incurred, on the faith and credit of the transfer, and as a present reciprocal consideration therefor. It follows, that a transfer of goods, by a fraudulent vendee, in consideration of a pre-exist-

ing debt, confers no title as against the defrauded vendor, who may avoid the sale to the vendee, and recover the goods from the assignee or transferee. 13 *Wend.*, 570. 4 *Duer.*, 101. 6 *Duer.*, 240. *Powell vs. Bradley*, 9 *G. & J.*, 220. We see no reason why an assignment of goods by a fraudulent vendee, for the benefit of his creditors, in consideration of his pre-existing indebtedness to them, should stand on a stronger ground or be governed by a different rule. An assignee, for the benefit of creditors, is not a purchaser for a valuable consideration. 17 *N. Y. Rep.*, 28. For these reasons, the appellant, if he had the right to avoid the sale and recover the goods in controversy from Yerby, Tebbs & Yerby, before they were assigned, for fraud practiced in their purchase, would be entitled to recover them from the appellees afterwards,·as the consideration for the assignment was not such as to constitute them *bona fide* purchasers for a valuable consideration, nor to perfect in them the voidable title of their assignors. In this view of the case, the objection to the instruction given by the court is so apparent that a more particular notice of it is rendered unnecessary.

We think there was error in refusing the instruction asked in the third and fourth prayers, and also in that given by the court, and shall therefore reverse the judgment.

*Judgment reversed and procedendo awarded.*
(Decided June 11th, 1862.).