Pope et al. v. Pope et al.

---

### ALEX. L. POPE et al. v. W. M. POPE et al.

1. FRAUD: FRAUDULENT CONVEYANCE.—A conveyance made with intent to hinder, delay, and defraud creditors, is void.
2. STATUTE OF FRAUDS: BONA FIDE PURCHASER: CONVEYANCE TO SECURE PREEXISTING DEBT.—A conveyance of property to secure a preëxisting debt, does not make the party, for whose benefit the conveyance is made, a bonâ fide purchaser, as defined by the 3d article of Statute of Frauds.
3. PRINCIPAL AND AGENT: TRUSTEE AND CESTUI QUE TRUST: NOTICE TO AGENT AND TRUSTEE.—Where a trustee has notice of the fraudulent intent with which a grantor executed the deed of conveyance, wherein he is trustee, and who acted in the matter by agreement between the grantor and cestui que trust, notice to the trustee is notice to the cestui que trust.

ERROR to the Circuit Court of Choctaw county. Hon. Wm. Cothran, judge.

R. Evans, for plaintiffs in error.

W. P. Harris, for defendants in error.

HANDY, C. J., delivered the opinion of the court.

This was a bill in equity, filed by the appellants as creditors of W. M. Pope, for the purpose of setting aside two conveyances made by the latter, as having been made to hinder, delay, or defraud his creditors. The first was a deed executed to W. F. Brantley as trustee, and embraced certain real and personal property, which was conveyed to secure certain debts due by W. M. Pope to D. B. Nabors & Co. The second was a deed conveying absolutely to W. F. Brantley the same and other land, and other personal property.

At the date of the execution of these instruments, a suit at law was pending in the District Court of the United States, in behalf of the appellants, on which a judgment would in a short time be rendered. The judgment was rendered shortly after the execution of the deeds, and an execution was issued thereon, and levied on a part of the lands embraced in the deeds, and the appellants became the purchasers thereof at Marshal's sale, and thereupon filed this bill for the purpose of having the deeds set aside as fraudulent and void. On the hearing, the court decreed that the first deed, of February 23, 1859, was good and valid, and denied the relief sought as to that; but declared the second deed, of 9th April, 1859, fraudulent and void as to the appellants, and that it should be vacated and held for naught. From that decree, the appellants took this appeal.

The only question before us is as to the validity of the deed of 23d February, 1859.

It appears clear that this deed was made with intent, on the part of W. B. Pope, to hinder, delay, or defraud his creditors. The suit of the appellants was then pending, and would shortly ripen into judgment; and the deed was intimately connected with the purpose which led to the execution, shortly afterwards, of the deed of 9th April, 1859; and the result of both of the transactions was to place all his property under conveyance, and beyond the reach of the appellants, his creditors, except certain slaves which he then intended to remove, and shortly thereafter did remove, out of this State. The latter deed was declared void by the court below; and the former, though executed in February, was not recorded until April, though the objects pro-

fessed to be intended by it would have required its prompt registration, to wit, to secure the property for the payment of the debt of Nabors & Co., since other creditors were moving against him. When it was registered, it was done on the same date as the deed of 9th April, 1859, and, as it would appear, by Brantley. This circumstance, and other facts in the case, go to show that both deeds were executed by W. M. Pope with a fraudulent intent as to the appellants.

It appears to be conceded, by counsel for the appellees, that this is the character of the instrument, so far as W. M. Pope is concerned. But it is urged that there is nothing to show that Nabors & Co. had notice of this fraudulent intent; and that, inasmuch as they were honestly endeavoring to secure their debt, they must be considered as purchasers without notice, and their title is valid.

But they do not occupy the attitude of purchasers without notice, because it was not an absolute conveyance, but a mere security for their debt, and that a preëxisting debt. In such case, it is settled that a party does not come within the exception of the 3d article of the Statute of Frauds, in favor of *bonâ fide* purchasers. *Pack* v. *Harney*, 4 S. & M.; *Farmers' Bank of Va.* v. *Douglass*, 11 Ib. 467

Moreover, the record shows that the trustee had notice in law of the fraudulent intent of the grantor; and the deed shows that he was acting in the matter by agreement between the parties, Pope and Nabors. Being the trustee for Nabors, and acting under his authority, notice to him was notice in law to Nabors.

We think, therefore, that the first deed must be held fraudulent as to the appellants.

The decree is reversed, and the deed of 23d February, 1859, held fraudulent as to the creditors of W. M. Pope, and declared void, with costs in this and the court below. And a decree is ordered accordingly.