## James Surget et al. *v.* Samuel L. Boyd.

1. **Fraudulent Conveyance.** *Preference to creditors. Badges of fraud.*
   A deed of trust made by a debtor, against whom a suit for a large amount is pending, just before judgment, to secure pre-existing debts due his relatives and friends, is valid, although hastily recorded, where the grantor owns property, before the judgment can be enrolled.

2. **Same.** *Fictitious debt. Reservation to grantor.*
   Unless such security is a sham never to be enforced, other creditors can vacate it only by showing that the secured debts are simulated or that some benefit is reserved to the grantor.

3. **Same.** *Security for pre-existing debt. Purchaser for value.*
   Security for a pre-existing debt, without a new consideration, does not, like a purchase for value, cut off secret equities and frauds; but, unless they are shown to exist, the recipient is equally entitled to protection. *Harney* v. *Pack*, 4 S. & M. 229; *Pope* v. *Pope*, 40 Miss. 516, and *Perkins* v. *Swank*, 43 Miss. 349, explained.

4. **Chancery Practice.** *Setting for hearing. Answer as evidence.*
   If a complainant sets down the case for hearing on bill and answer, he admits the truth of the answer, so far as it is responsive to the bill, although five months have elapsed since it was filed.

Appeal from the Chancery Court of Claiborne County.

Hon. Thomas Y. Berry, Chancellor.

*Martin & Lanneau*, for the appellants.

By setting the case for hearing, on bill and answers, without proof, the complainant admitted the truth of matters in denial of the charges of fraud, so far as such matters are responsive to the bill, and are not disproved by the exhibits. The bill does not allege that the debts secured are fictitious. The deed of trust, in this case, is not fraudulent on its face. *Har-*

*man* v. *Hoskins*, 56 Miss. 142. A debtor can prefer a creditor, if the preference is not fraudulent. *Mangum* v. *Finucane*, 38 Miss. 354. The time when the mortgage is executed is immaterial, nor does it matter that suits are pending against the debtor. Recording the trust-deed before the judgment lien attached was only due diligence in securing a legitimate preference. If a person is indebted to his relatives and friends, no law prevents him from preferring them to his other creditors. Want of a new consideration moving between the parties at the time has no bearing on the case until fraud is established. The case stands on grounds similar to those in *Harman* v. *Hoskins*, *ubi supra*, and is like the case of *Crawford* v. *Kirksey*, 55 Ala. 282.

*J. D. Vertner*, on the same side.

There is sufficient consideration, in the granting of further time, to support the deed, *Schumpert* v. *Dillard*, 55 Miss. 348; and it can be assailed only on the ground of fraud. That charge is not made out by the fact that it was executed pending a suit against the grantor, Bump Fraud. Conv. 218; or by the relationship of the parties, Bump Fraud. Conv. 96; or by the haste in recording it. These are mere badges of fraud, calculated only to throw suspicion on the transaction, and require strict proof of good faith. Bump Fraud. Conv. 76, 78. The answers explain these circumstances, state fully the debts secured, deny all charges of unfairness, and destroy the equity of the bill. On these answers and the bill, the complainant, without proof, set down the case for final hearing, and it must follow that the bill shall be dismissed.

*W. P. Harris*, on the same side.

A debtor has the legal right to prefer one creditor to another, and the creditor has the right to accept the preference. It matters not that the creditors who suffer are prosecuting suits. *Hunt* v. *Knox*, 34 Miss. 655; *Mangum* v. *Finucane*, 38 Miss. 354. It is not essential that the preferred creditor should have any exceptional merit as such. It is not material whether he accepts an absolute conveyance in satisfaction of his debt or a mortgage to secure it. He may employ diligence, even haste, in securing the advantage,

which he has the legal right to accept, when other creditors are about to obtain priority by judgment. The measure of the danger occasioned by suits maturing to judgments is often the motive for seeking security, and, so far from affecting the act of obtaining the preference with illegality, justifies it. If there is no consideration, except to secure an existing debt, the mortgage, if free from actual fraud, will prevail over the judgment subsequently rendered. Bump Fraud. Conv. 178. The consideration becomes important only when the fraud is proved. *Basset* v. *Nosworthy*, 2 Eq. Lead. Cas. 1. To declare this mortgage fraudulent will start Bump on a new edition, — a thing to be avoided if possible.

*E. S. Drake*, for the appellee.

There is no force in the objection that the case was set down for hearing, without proof, by the complainant. The rule requiring two witnesses, or one witness and corroborating circumstances, is abrogated in this State by statute (Code 1871, § 1087), which makes the complainant's sworn bill of equal weight with the answer, and five months, the period allowed for taking proofs, had elapsed before the case was set down. The rule never applied to record evidence, which is the character of that in this case, and the denials in these answers are merely erroneous conclusions of law from admitted facts. The deed of trust is void, because fraudulent in fact, and fraudulent upon its face. The concurring badges of fraud are so numerous and grave that they are unanswerable. The pending suit (*Stanton* v. *Green*, 34 Miss. 576), the absence of the grantees (*Harney* v. *Pack*, 4 S. & M. 229; *Perkins* v. *Swank*, 43 Miss. 349), the kindred and confidential relations, the haste and unusual manner of executing and recording, the pretended agency and the inadequacy of price (Bump Fraud. Conv. 50, 54), are met by denials of fraud in the answers. The chancellor has determined the issue, and this court will not disturb his conclusion. But, further, the instrument as to existing creditors is *prima facie* void. It is not a deed in extinguishment of a pre-existing debt, or a mortgage executed upon a new consideration, but is a mere security for an existing debt, and until sustained by proof, it is fraudulent in law. As the deed of trust

was executed to secure a pre-existing debt, without a new consideration, the grantees are not purchasers for value. *Harney* v. *Pack*, 4 S. & M. 229 ; *Pope* v. *Pope*, 40 Miss. 516 ; *Perkins* v. *Swank*, 43 Miss. 349 ; *Hinds* v. *Pugh*, 48 Miss. 268 ; *Schumpert* v. *Dillard*, 55 Miss. 348. It is in effect a voluntary conveyance, subject to the infirmities incident to that class of instruments. *Catchings* v. *Manlove*, 39 Miss. 655. The beneficiary is a donee, and on him rests the burden of proving that the debtor had means outside of the property conveyed to meet his other liabilities. Bump Fraud. Conv. 286. Having failed to do this, the court will infer that it was designed to hinder creditors, and conclusively presume it to be fraudulent. Bump Fraud. Conv. 282, 283.

CHALMERS, J., delivered the opinion of the court.

The trust-deed which is attacked as fraudulent in this case was executed by the grantors to secure pre-existing debts due their kinsfolk and intimate friends, and at a time when a heavy suit was pending against themselves, which was just about to ripen into a judgment. These facts, it is insisted, make it necessarily fraudulent in law, even though no fraud in fact was intended, and though the sole intent of the grantors was to give a preference among creditors. The counsel for the appellee concedes that the law would be otherwise if there had been an absolute transfer of property in extinguishment of a pre-existing debt, or if, upon a new consideration, there had been a mortgage executed to secure a contemporaneously contracted indebtedness, but insists that pre-existing creditors who surrender nothing and make no new advance cannot, in receiving a new security, be regarded as purchasers for value.

The defect in this position is in misconceiving the nature and effect of the doctrine of innocent purchasers without notice, or rather in failing to note the very words necessary to be used in announcing it. He is a *bona fide purchaser* in the eyes of the law who has paid value without notice of defects in the title of the thing bought, or of fraud upon the part of the seller. Where one has bought under such circumstances, his purchase will ordinarily cut off all unknown equities, and relieve against all secret frauds. But if there be no

defects of title to be cured, and no fraud upon the part of the seller to be relieved from, there is no occasion for the buyer to invoke the doctrine, nor can he be compelled to resort to it until the fraud or the defects have been affirmatively established by him who attacks the transaction. Conceding all that is claimed here, the defendants did only what they had a perfect right to do. Pressed by one creditor, they elected to incumber their property in favor of others, whom they thought more meritorious, or for whom they felt more affection, and in so doing they exercised a right immemorial in the common law, and one which every man practically and daily exercises when he pays one debt, leaving others unpaid. The only way in which other creditors can successfully assail such a conveyance is by showing that the debts pretended to be secured are simulated, or that the security was never intended to be enforced, and was given only as a sham to ward off the attacks of others, or that some benefit has been received by the grantor, as by a stipulation for unusual indulgence, or in some other way.

It is insisted that this view militates against the doctrine announced in *Harney* v. *Pack*, 4 S. & M. 229, *Pope* v. *Pope*, 40 Miss. 516, *Perkins* v. *Swank*, 43 Miss. 349, and other cases, in which it was announced that the reception of security for a pre-existing debt did not constitute the recipient a purchaser for value. Those cases, properly understood, only declare, what we now reiterate, that if the party attacking such a conveyance can show that there was a defect in the title of the thing conveyed, or an outstanding prior and superior equity, or fraud upon the part of the grantor, the grantee or beneficiary cannot claim to be relieved from such defects or frauds by reason of his own ignorance or innocence. Herein consists the difference between him who has paid and him who has not paid a new present consideration. The first cuts off all unknown equities, and is relieved from the effects of all secret frauds upon the part of the grantor, by his own good faith and his payment of value ; the second, having paid no value, is not protected by his ignorance of defects or innocence of frauds, if in fact such frauds or defects existed.

The bill in this case asserts that the debts pretended to be secured were fictitious, and that the conveyance given for their protection was never intended to be enforced; but these allegations are explicitly denied by the answer, and the complainant having set the case down for hearing, without proof, must be treated as having admitted the truth of the answers, so far as they were responsive to the bill. That the debts secured were professedly due to relatives and intimate friends, that the conveyance preceded by four days only the recovery of a large judgment by the complainant against the grantors, that haste was made to have it recorded in counties where the grantors owned property before abstracts of the judgments could be enrolled there, might well be considered as suspicious circumstances, and as affording the complainant a basis for attacking the transaction; and yet they are equally consistent with the perfectly legitimate purpose of securing an honest debt.

The sworn answers of the defendants not only deny all fraudulent intent, but they specify with minuteness the several debts to protect which the instrument was made, giving the dates, amount, and consideration of each. The cause having been set down upon bill and answers, these responses must be taken as true. They effectually overthrow the equity of the bill. That the case was not set down within five months after answer filed does not affect the result. The burden of making out the case rested upon the complainant. The averments of the answers, being strictly responsive to the allegations of the bill, must, in the absence of proof, be taken as true.

*Decree reversed and bill dismissed.*