HARPER WILLIAMS v. ANARCHY JONES.

*Registration—Mortgage— Widow's Year's Support—Bankruptcy.*

1. Mortgages are good *inter partes* without registration.

2. A mortgage both of land and personal property may be registered after the death of the mortgagor.

3. The registration of a mortgage after a commission in bankruptcy, is good against the assignee.

4. A widow is entitled to her year's allowance out of the personal estate of her husband, in preference to all general creditors, and also, by virtue of *The Code*, §2116, in preference to the special lien acquired by an execution bearing *teste* prior to the husband's death. In regard to other liens and equities, she takes the property in the same manner in which the husband held it.

5. Where a husband mortgaged a horse, but the mortgage was not registered until after his death, and prior to its registration the horse

WILLIAMS *v.* JONES.

was assigned to the widow as a part of her year's support; *It was held*, that the widow took the property subject to the mortgage lien.

(*Leggett* v. *Bullock*, Busb., 283, cited and approved; *Grant* v. *Hughes*, 82 N. C., 216, commented on.)

This was a CIVIL ACTION, tried at February Term, 1886, of the Superior Court of DUPLIN county, before *Gilmer*, *Judge*.

A jury trial was waived, and the Court found the following facts: "On March 30th, 1878, one Squire Jones, executed to the plaintiff a chattel mortgage, conveying a certain horse, the property in dispute. On the ____ day of ____, 188_, Squire Jones died intestate, and the defendant is his widow. That after the death of Squire Jones, to-wit: on the 27th day of September, 1883, said property was duly assigned to the defendant as the widow of Jones, as a part of her year's allowance. That the mortgage executed by Squire Jones to the plaintiff, was not registered until December 11th, 1883, and is still unsatisfied. That the plaintiff took possession of said property on the ____ day of December, 1883, and has disposed of the same. That said property was worth sixty dollars at the time it was taken into possession by the plaintiff."

Upon these facts his Honor gave judgment in favor of the defendant, to which plaintiff excepted and appealed.

*Mr. A. W. Haywood*, for the plaintiff.
*Mr. W. R. Allen*, for the defendant.

ASHE, J., (after stating the facts). By §1254 of *The Code*, it is declared that "no deed of trust or mortgage for real or personal estate, shall be valid at law to pass any property as against creditors and purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage," &c.

Prior to the passage of this act, a mortgage was valid even against creditors and purchasers, and it was required to be

registered for their benefit. But as between the parties, their rights were undisturbed by the act, and they are left as they existed before its passage.

There is no principle better settled, than that as between the parties, a mortgage is valid without registration; *Leggett* v. *Bullock*, Busb., 283; and it is so laid down in Jones on Mortgages. "Of course," says that author, "the recording of a mortgage is not necessary as against the mortgagor, and even in those States where it is provided by statute that a mortgage shall be recorded within a specified time, it is still valid between the parties until registered," §107, and it is maintained by the same author, in §545, that a mortgage may be recorded after the death of the mortgagor, if he has in his lifetime made delivery of it. His general creditors cannot, for that reason, claim that the mortgage was inoperative as against them. Such a mortgage is good and binding upon the heir in like manner as upon the mortgagor, and the same principle applies to chattel mortgages. Neither the heir in the one case, nor the administrator in the other, is a third person, but represents the intestate, and has no better title than he had. Jones on Chattel Mortgages, §239. The same principle applies to assignees in bankruptcy. Though they are held to be trustees for the creditors, yet they stand in the place of the bankrupt, and they can take in no better manner than he could. They take subject to whatever equity the bankrupt was liable to.

The same principle must apply to a widow claiming her "year's allowance." It is allotted to her from the crops, stock, and provisions of the deceased in his possession at the time of his death, if there be a sufficiency thereof in value, and if there is a deficiency it shall be made up by the personal representative from the personal estate of the deceased, *The Code*, §2117, and "if there be no crop, &c., on hand, or a deficiency, the commissioners may allot to the widow any article of personal property of the deceased." *The Code*, §2122. Her allowance in

any way is to be allotted out of the personal estate of the deceased. She does not take under the administrator, for she may have her "year's support" assigned to her before any administration on her husband's estate. *The Code,* §2127. She takes the allowance, under and by virtue of the statute, out of the personal estate of her husband. The statute, it is true, gives her a right to her "year's support," against all general creditors, but no better title to the property assigned her than her husband had. She takes it precisely in same plight and manner in which he held it—subject to all the liens and equities that he had attached to it in his hands, except to the lien of a judgment or an execution bearing *teste* before the death of her husband, *The Code,* §2116. Prior to that act, the right of a widow to her "year's allowance" was subordinate to the lien of a judgment and an execution bearing *teste* prior to the death of her husband, *Grant* v. *Hughes,* 82 N. C., 216. But the act extended to no other liens or equities to which the property of the husband was subject in his lifetime. The act made these liens a special exception, and " *exceptio probat regulam.*"

Our opinion is, there was error, and the judgment of the Superior Court is reversed.

This must be certified to the Superior Court of Duplin county, that a *venire de novo* may be awarded.

Error.                                                    Reversed.