WALLACE, ELLIOTT & CO. v. W. H. COHEN et al.

*Fraud— Contract—Rescission— Innocent  Purchaser—Trusts— Mortgages—Registration—Notice.*

1. Where a contract of sale has been induced by the fraud of the vendee, it is voidable at the election of the vendor, who has a right, upon the discovery of the fraud, to rescind the contract and recover the property delivered under it.

2. An innocent purchaser for a valuable consideration, from the fraudulent vendee, will, however, be protected against the vendor.

3. While the mortgagee or trustee of land conveyed to secure pre-existing debts is a purchaser for value, yet he takes the property subject to any equity or other right attached to it in the hands of the debtor. (*Brem* v. *Lockhart*, 93 N. C., 191, commented upon.)

4. While an unregistered mortgage is good *inter partes*, actual notice of its existence will not affect the rights of a junior registered mortgage.

CIVIL ACTION, tried upon demurrer at Spring Term, 1892, of CRAVEN Superior Court, *Brown, J.,* presiding.

The material parts of the complaint and record are as follows:

2. That the defendant W. H. Cohen, on the __ day of ____ purchased from the plaintiffs the goods, wares and merchandise fully described and set out in the affidavit of plaintiff filed in the action for the recovery of said property, which said affidavit is referred to for a full and definite description of the same, and hereby made a part and parcel of this complaint for a description of the property aforesaid.

3. That at the time of the purchase of the goods aforesaid, as plaintiffs are informed and believe, the said W. H. Cohen was insolvent, and well knew of his insolvency at the time of his purchase, and fraudulently concealed his said insolvency from plaintiffs by falsely representing to them his financial condition to be largely in excess of all liabilities existing at the time of such representation, and at such time not having the intention of paying for the goods so purchased.

4. That shortly after the time of the purchase aforesaid, to-wit, on the __ day of April, 1891, the defendant W. H. Cohen made an assignment of all his property of every nature and kind to his co-defendant, J. W. Moore, for the benefit of his creditors, with certain preferences therein named, though the entire value of the property so assigned was not sufficient to pay off in full even the amount of the indebtedness of defendant due at that time to the creditors preferred in the assignment aforesaid. The assignment or deed of trust referred to being duly recorded in the records of Craven County, and are hereby made a part and parcel of this complaint.

5. That the plaintiffs are the owners and entitled to the possession of the goods as above described, and the defendant J. W. Moore, assignee, is in possession thereof.

6. That the same are wrongfully withheld from plaintiffs by the defendant, J. W. Moore, assignee, though demand has been made therefor.

Wherefore, plaintiffs pray judgment—

That they recover of the defendant the goods above described, or the value thereof, to-wit, four hundred dollars.

Whereupon, the defendant J. W. Moore, assignee, etc., by consent, demurs *ore tenus*, and moves to dismiss the action, assigning as grounds that the complaint fails to state facts sufficient to constitute a cause of action as against him.

1. Because it appears upon the complaint that the said Moore is a purchaser for value of the goods described, and fails to allege that he had notice of the alleged fraudulent matters set out in section 2 of complaint upon the part of said Cohen, in respect to the purchase of said goods.

2. Because there is no allegation that the assignment to said defendant Moore, referred to in section 3 of said complaint, was made by said Cohen with intent to defraud, etc., and is therefore void.

The Court sustained the demurrer, and adjudged that the complaint failed to state a cause of action against either defendant Cohen or Moore, as it appeared that Cohen was not in possession of said goods, or any part thereof.

From which plaintiffs appealed.

*Mr. O. H. Guion* for p'aintiff.
*Mr. W. W. Clark* for defendant.

SHEPHERD, J.: " W. H. Cohen was insolvent, and well knew of his insolvency at the time of his purchase, and fraudulently concealed his said insolvency from plaintiffs by falsely representing to them his financial condition to be largely in excess of all liabilities existing at the time of such representation, and at such time not having the intention of paying for the goods purchased."

The foregoing facts bring the case within the principle of *Wilson* v. *White*, 80 N. C., 281; *Des Farges* v. *Pugh*, 93 N. C., 35; *Donaldson* v. *Farmer*, 93 U. S., 361, and 1 Benjamin on Sales, § 571. According to these authorities, the contract of sale, having been induced by fraud, was voidable, and the vendors had a right to rescind the same upon the discovery of the circumstances constituting the fraud. If, however, before rescission, the vendee had conveyed to an innocent purchaser for a valuable consideration, the rights of the original vendors would be subordinated to those of such innocent third party. The defendant Moore is the trustee in a deed of assignment executed by Cohen, the fraudulent vendee, to secure his pre-existing indebtedness, and he claims to be an innocent purchaser for value within the qualifying principle just stated. It is true, as laid down in *Southerland* v. *Fremont*, 107 N. C., 565, that such a trustee or mortgagee is a purchaser for value within the statutes of 13th and 27th Elizabeth, but it is, in that case, conclusively determined, after some confusion in our decisions, that such a purchaser takes the property subject to any equity or other right that attached to the same in the hands of the debtor. This view is abundantly sustained, not only by our own previous decisions, but by the great weight of judicial authority. *Bassett* v. *Norsworthy*, White & Tudor's L. C. Eq., and notes. As applicable to the present case, the doctrine has been recognized and applied in a large number of decisions. " In order to entitle one to protection as a *bona fide* purchaser in such a case, he must have advanced some new consideration, or incurred some new liability, on the faith of the fraudulent vendee's apparent ownership." *Johnson* v. *Peck*, 1 Woodh. & M., 334 : *McLeod* v. *Bank*, 42 Miss., 99; *Hyde* v. *Ellery*, 18 Md., 496 ; *Sargent* v. *Sturm*, 23 Cal., 359; *Ratliffe* v. *Sangston*, 18 Md., 383; *Pope* v. *Pope*, 40 Miss., 516. Hence, " an assignee of the fraudulent vendee for the benefit of creditors, incurring no new liability on the faith of his title, is not protected." *Farley* v.

*Lincoln*, 51 N. H., 577; *Harris* v. *Horner*, 30 Am. Dec., 182; *Stevens* v. *Brennan*, 79 N. Y., 254; *Montgomery* v. *Bucyrus*, 92 U. S., 257; *Donaldson* v. *Farmer*, 93 U. S., 361. These authorities, with very many others we could cite, are directly in point, and sustain the right of the plaintiffs to recover without fixing the assignee with notice.

We presume that his Honor was misled by the case of *Brem* v. *Lockhart*, 93 N. C., 191. It that case there was quite a discussion by the late Chief Justice as to who were *bona fide* purchasers for value, but he finally quoted with approval the language of PEARSON, J., in *Potts*·v. *Blackwell*, 3 Jones Eq., 449, which enunciated the doctrine as subsequently declared to be the law in *Southerland* v. *Fremont, supra*. It is difficult to assume that the learned Chief Justice, after stating that this principle must be regarded as "conclusively settled," intended in the next sentence of his opinion to repudiate the same, by declaring that Mr. Lockhart, the assignee, was a purchaser for a valuable consideration, in the sense now insisted upon on behalf of the defendant Moore. The true ground for the decision seems to be that although the assignee, Lockhart, was a purchaser for value, and notwithstanding he took the property, subject to the rights and equities attaching to it in the hands of the debtor, there was, in fact, no such right or equity which, *under the policy of the registration laws*, could be recognized or enforced in favor of anyone. *Todd* v. *Outlaw*, 79 N. C., 235. In Brem's case the sale was conditional, and, not being registered, the condition was said to be inoperative. It is true that, as between the parties, the condition was effectual (*Butts* v. *Screws*, 95 N. C., 215), and we can only reconcile the conclusion with the principles previously announced in the opinion by assimilating the case to that of *Todd* v. *Outlaw, supra*, in which it was held that though an unregistered mortgage is good as between the parties, even actual notice of its existence will not preju-

dice the rights of a second mortgagee whose mortgage has been registered.

For the reasons given, we think the demurrer should have been overruled.                                    Error.