WILLIAM A. GULLEDGE ET AL. *v.* SLAYDEN-KIRKSEY WOOLEN MILLS.

1. REPLEVIN.   *Purchase effected by fraud.*

If a defendant, by false and fraudulent representations, has induced plaintiff to consent to a sale of his goods, and to part with the possession thereof, the latter may maintain replevin against the former for their recovery.

2. SAME.   *Bona fide purchaser.   Pre-existing debt.*

And such action can be maintained against one having no better claim to the property than the fraudulent purchaser. A deed of trust executed by the fraudulent purchaser on the goods, to secure a pre-existing debt, there being no other or new consideration, does not constitute the trustee or beneficiaries therein *bona fide* purchasers, and the action can be maintained against them.

3. SAME.   *Fraudulently effected sale.   Secret intentions.*

If a person induce another to consent to a sale of goods, and to part with their possession, by a written representation of the former's financial condition, purporting, by its terms, to be a statement of all his liabilities and assets, which is false in that his liabilities were much larger than stated in the writing, he cannot defeat the latter's action of replevin for the goods by proof that he did not intend to defraud, or that he did not intend the writing should be

a statement of all his liabilities.   In such case it is not competent
to prove a secret and unexpressed intention in respect to the writ-
ing.

4. SAME.   *Instruction.*

   It is not error, in replevin for goods purchased by defendant in fraud,
   to refuse him an instruction to the effect that if only a certain
   number of the articles were so purchased, and the jury could not
   determine how many of these, if any, were seized by the officer
   under the writ, that they should find for the defendant.   Such an
   instruction would deny plaintiff a recovery for such articles seized
   as were conceded to have been so purchased.

FROM the circuit court of Holmes county.
HON. W. F. STEVENS, Judge.
The facts are stated in the opinion.

*Noel & Pepper*, for appellants.

We invite the court to pass upon the property statement, and
to determine whether an unanswered query, even followed by a
general statement, amounts to a conclusive answer in the way
most favorable to the creditor.   We ask especially that the
court shall pass upon the deed of trust, and decide whether or
not, on its face, the beneficiaries, or any of them, are purchasers
for value.   The court below held, as a matter of fact, that they
were not, independently of the question of *bona fides.*   The
smallest portion of benefit or accommodation is sufficient for a
consideration.   *Austin* v. *McLean*, 1 U. S., 811; *Lawrence* v.
*McCallmont*, 11 U. S., 452.   The authorities agree that there
must be a new consideration, but it need not be in money, nor
in money's worth.   *Hinds* v. *Pugh*, 48 Miss., 268.   The existence
of a consideration is everything; its amount or adequacy is noth-
ing.   *Schumpert* v. *Dillard*, 55 *Ib.*, 348.   The relinquishment,
in whole or in part, constitutes a sufficient consideration to pro-
tect against fraudulent intent.   *Harris* v. *Lombard*, 60 *Ib.*, 29.

*Dodd & Armistead*, for appellees.

The written statement on the faith of which the goods were
sold, both in the column of assets and liabilities, was clearly

fraudulent, and it having induced the sale of goods in controversy, the trustee not being a purchaser for value, the plaintiff was clearly entitled to recover. *Paine* v. *Aberdeen Hotel Co.*, 60 Miss., 360; *Paine* v. *Sykes*, 72 *Ib.*, 351; *Frank* v. *Robertson*, 65 *Ib.*, 162; *Hiller* v. *Ellis*, 72 *Ib.*, 701; *Hinds* v. *Pugh*, 48 *Ib.*, 268; *Soule* v. *Shotwell*, 52 *Ib.*, 236; and *O'Hara* v. *Alexander*, 56 *Ib.*, 316. The goods in controversy stood in the same attitude as if the original purchasers held them, and the statement upon the faith of which said goods were sold, being clearly fraudulent upon its face, entitled the plaintiff in the court below, appellees here, to a recovery.

TERRAL, J., delivered the opinion of the court.

On the eighth day of August, 1896, the Slayden-Kirksey Woolen Mills, an incorporated company of Waco, Texas, sued out a replevin writ against A. F. Kyger, trustee, and W. A. and J. R. Gulledge, a mercantile company doing business at Durant, Miss., under the firm name of Gulledge Bros., for 69 pairs of jeans pants, of the value of $1 per pair; 9 pairs jeans pants, of the value of $1.25 per pair; 1 pair, at $2.50 per pair; and 1 pair, at $2.25 per pair, which writ was levied the same day upon 1 pair cassimere pants, value $2.50; 1 pair gray pants, value $2.25; 9 pairs cassimere pants, at $1.25 per pair; 23 cottonade pants, value $23; 46 pairs jeans pants, value $46.

Bond was given by the defendants for the goods, and, after trial in the justice's court, an appeal was taken to the circuit court. In the circuit court trial was again had, and plaintiff recovered a verdict describing the goods as in the sheriff's return. Upon this last trial the defendants made several objections to the action of the court, which are the subject of investigation.

In March, 1896, Gulledge Bros., desiring to purchase of the Slayden-Kirksey Woolen Mills goods on credit, and for the purpose of obtaining such credit, made to it a statement of their assets and liabilities, as follows:

"Statement made this thirteenth day of March, 1896, to Slayden-Kirksey Woolen Mills, Waco, Texas, by W. A. Gulledge, of the firm of Gulledge Bros., city of Durant, county of Holmes, State of Mississippi, which firm is composed of the following persons: J. R. Gulledge and W. A. Gulledge (co-partnership unlimited), and engaged in business of general mer-chandise:

## " ASSETS.

| | |
|---|---:|
| Cash value of stock in store_____$7,000 to | $10,000 |
| Insured for_____ | 2,000 |
| Cash value of stock in transit_____ | 500 |
| Amount of book accounts considered good_____ | 1,100 |
| Amount of notes considered good_____ | 900 |
| Cash on hand and in bank, plenty for ordinary uses_____ | _____ |
| Houses, lands, etc., describe and value separately, and | |
|    in whose name held: Jas. R. & W. A. Gulledge_____ | 2,600 |
|                Jas. R. Gulledge_____ | 900 |
| Total assets_____ | _____ |

## " LIABILITIES.

| | |
|---|---:|
| For merchandise on open account, not due_____ $ | _____ |
| For merchandise on open account, past due_____ | _____ |
| For merchandise closed by note or acceptance, not due_ | _____ |
| For merchandise closed by note or acceptance, past due | _____ |
| For mortgage or deed of trust on houses, lands, etc._____ | _____ |
| For mortgage or deed of trust on stock and merchandise | _____ |
| Borrowed money, not secured_____ | _____ |
| Exemption under state law_____ | _____ |
| For judgments_____ | _____ |
| Friendly indorsement, doubly secured_____ | 1,000 |
| Total liabilities_____ | _____ |
| Amount of assets over liabilities_____ | _____ |

"The above is a true and accurate statement of our assets and liabilities, which we make for the purpose of obtaining credit from Slayden-Kirksey Woolen Mill, and the same shall stand good as to all subsequent purchases, unless at the time of said subsequent purchases, we shall notify them of any change in our assets or liabilities, and we hereby bind ourselves to give

such notice, in case of any material change in our pecuniary condition. " GULLEDGE BROS.,

" By W. A. Gulledge."

The plaintiff introduced sufficient evidence, if believed by the jury, to prove that it had sold to Gulledge Bros. a bill of pants for $608.50, on the faith of the above statement; that the goods levied on were of the goods sold them by it; that Gulledge Bros., at the time of making the statement for credit, owed to the Bank of Durant $1,100; to Durant Building & Loan Association, $1,157; and sundry mercantile claims. It was also in evidence that on the thirteenth day of March, 1896, Gulledge Bros. were owing to Dr. O. R. Gulledge $3,300, evidenced by their note dated May 1, 1896, and due November 1, 1896; to Mattie S. Gulledge, $1,100, evidenced by their note dated January 10, 1895, and due January 1, 1896; to M. H. Gulledge, administratrix, $1,715, evidenced by note dated April 6, 1896, and due November 1, 1896; and to Noel & Pepper, attorneys, $250; to secure which latter four debts Gulledge Bros., on August 3, 1896, conveyed to A. F. Kyger, among other goods, the sixty-nine pairs of jeans pants bought of plaintiff and sued for. Plaintiff's action is based upon the alleged false statement of their assets and liabilities, by which they obtained said goods, and upon the further contention that Kyger, trustee, had no better title to the goods, as against the plaintiff, than Gulledge Bros. had before their conveyance of them to Kyger, because he is not a purchaser for value.

That Kyger cannot claim any better title than Gulledge Bros. had, so far as plaintiff is concerned, we think is settled by the decision in *Surget* v. *Boyd*, 57 Miss., 485, where it is said that a security for pre-existing debt, without a new consideration, does not, like a purchase for value, cut off secret equities and frauds. By a general principle of law, it is true that if Gulledge Bros. obtained the goods of plaintiff by a sale effected by false and fraudulent representations, the latter is entitled to recover the goods by replevin, treating the sale as voidable on ac-

count of the deceit. To avoid the effect of any fraud in making the statement of their assets and liabilities, Gulledge Bros. offered to prove, by W. A. Gulledge, that he or they intended no fraud in making a statement of their standing, or, in the words of the bill of exceptions, they proposed "to prove that no entries were made under liability column except at the bottom on friendly indorsements, and that the liabilities were not summed up, nor the net amount of assets or liabilities, because he did not think or intend to answer the questions propounded under the liability column; and when he signed this statement below the column of liabilities and assets, he had not read closely the printed writing, nor understood that it assumed to make a statement of all his liabilities and assets."

The court excluded this proffered evidence, and to that they excepted. In this ruling we think the court did not err. It was incompetent for Gulledge Bros. to change the fair and reasonable import of the statement of their assets and liabilities, made to plaintiff for the purpose of obtaining credit thereby, by proving a secret and unexpressed intention in respect thereto. *Brant* v. *Gallup*, 111 Ill., 489, 492. It is also assigned for error that the court refused to instruct the jury "that, if they believed that Gulledge Bros. had only purchased twenty-four pairs of jeans pants from appellee, and that it could not be determined, from the evidence, how many, if any, of these were levied on, they should find for Kyger, trustee." The vice of the instruction is that it did not permit the jury to find for plaintiff for any of the pants that had been purchased of plaintiff and levied on, of which there were several pairs, even according to the testimony of W. A. Gulledge. The pants levied on as "cottonade pants" were evidently the same as those sued for as jeans pants. Many of the letters of Gulledge Bros. to Hanover Shoe Company, to Smith-Wallace Shoe Company, to Bareford & Lawson, to Heilman Plow Company, and to A. Preismeyer, throw little or no light upon the issue before the jury, but their admission was harmless.

*The judgment below is affirmed.*