HINKLE, CRAIG & CO. v. MATTIE GREENE, (Widow).

(Decided December 19, 1899.)

*Conditional Sale—Year's Allowance, The Code, Sec. 1275.*

1. A conditional sale of personal property made to the husband, registered after his death, like a mortgage, takes precedence over an allotment of year's allowance, including this property, made to his widow, after the registration. *Williams v. Jones*, 95 N. C., 504.

2. While the widow's right to her allowance was valid against the general creditors of her deceased husband, it is postponed to liens and equities existing at his death.

CIVIL ACTION for personal property, tried before *McNeill, J.,* at Spring Term, 1899, of WATAUGA Superior Court, upon a case agreed, which is stated in the opinion.

His Honor rendered judgment in favor of plaintiffs, and defendant appealed.

No counsel for appellant.

*Messrs. W. C. Newland, W. B. Councill, J.,* and *E. S. Coffin,* for appellee.

FAIRCLOTH, C. J.    This case was heard upon agreed facts, viz.:

1. That in March and April, 1898, the defendant's intestate purchased certain personal property from plaintiffs, and gave his promissory notes for the purchase money, in which notes it is recited that the title (of said property) remains in the plaintiffs until the whole be paid.

2. That said intestate died November 2, 1898, and on November 5, 1898, said notes were duly registered in Register's office in Watauga County, and soon thereafter the defend-

ant caused her year's allowance to be assigned to her, and the allotment includes the personal property purchased as above stated, for which said notes were given, and on December 15, 1898, the defendant was duly appointed administratrix on her said husband's estate.

The Code, sec. 1275, requires that, "All conditional sales of personal property, in which the title is retained by the bargainor, shall be reduced to writing and registered in the same manner, for the same fees, and with the same legal effect as is provided for chattel mortgages." The question then arises, which has the better title, the plaintiff by his registration of said notes or the defendant by the assignment of her year's allowance? The case must be governed by the principle announced in *Williams v. Jones*, 95 N. C., 504. In that case, the chattel mortgage was registered after the death of the mortgagor, and the allotment of the widow's year's allowance included the mortgaged property. It was held that the mortgage may be registered after the death of the mortgagor; also, that the widow's right to her allowance was valid against the general creditors of her deceased husband, but as to the liens and equities she takes the property in the same plight that her husband held it, and therefore subject to the mortgage lien, because the registered conditional sale is attended with "the same legal effect as is provided for chattel mortgages," and, besides, is good between these parties.

This is the only question for us, to be found in the record.

Affirmed.