T. C. McBRAYER v. R. M. HARRILL.

(Filed 27 May, 1910.)

**Deeds and Conveyances—Mortgagor and Mortgagee—Registration —Original Parties—Executors and Administrators.**

As between the original parties, the lien of an unregistered mortgage holds, and the personal representative of a deceased mortgagor stands in the shoes of the latter: *Hence,* the plaintiff holding an unregistered second mortgage on the lands of the defendant's intestate is entitled to his lien upon the funds derived from the sale in excess of the first mortgage, in preference to other creditors of deceased.

APPEAL by defendant from *Justice, J.,* at the August Term, 1909, of RUTHERFORD.

The facts are sufficiently stated in the opinion of the Court.

*R. S. Eaves* and *B. A. Justice* for plaintiff.
*McBrayer, McBrayer & McRorie* for defendant.

CLARK, C. J. This is an action by the plaintiff (appellant) to recover out of the defendant, administrator, and the surety on his administration bond a sum due by the defendant's intestate

which was secured by a second mortgage on realty, which mortgage was unregistered at the date of the debtor's death and remained so for some time after the order to sell the realty to make assets.

The appellant states in his brief: "The sole question before the Court is, Will a mortgage not recorded till after the death of the mortgagor create a lien from the date of its registration as against other simple debts?" But, in fact, no subsequent registration is necessary.

Revisal, 982, provides that a mortgage shall be a lien only from its registration. But as between the parties a mortgage or deed is valid without registration. *Wallace v. Cohen,* 111 N. C., 103; *Deal v. Palmer,* 72 N. C., 582; *Leggett v. Bullock,* 44 N. C., 283. The personal representative stands in the shoes of his testator or intestate, and the unregistered mortgage has the same lien as it had between the parties. The mortgaged property brought enough to pay both mortgages, over and above the costs of the sale. After paying off the costs of sale, including defendant's commissions on the sale and the taxes on the mortgaged property and the first mortgage, the surplus left should have been applied to the lien of plaintiff's unregistered second mortgage. It was a specific lien with priority over all other classes of debt (Rev., 87 (1)), to the extent of the net proceeds of the realty covered by the mortgage. Jones on Mortgages (6 Ed.), sec. 509; Jones Chattel Mortgages, sec. 239, which are cited with approval, *Williams v. Jones,* 95 N. C., 504; *Hinkle v. Greene,* 125 N. C., 489. It seems that the personal representative of the debtor applied the proceeds of the sale of the realty, after paying off the amount of the first mortgage, to other claims, after notice of the plaintiff's unregistered mortgage. He was evidently under the erroneous impression that the plaintiff's mortgage being unregistered at the death of the mortgagor, the plaintiff had no specific lien. This was error. The judgment below is

Reversed.