## In re FINLEY.

District Court, M. D. North Carolina, Wilkesboro Division.

April 12, 1933.

Kyle Hayes, for petitioner.

J. A. Rousseau and Jones & Brown, all of North Wilkesboro, N. C., for trustees.

HAYES, District Judge.

This is a petition by J. H. Johnson to have the deed of trust executed by the bankrupt on September 10, 1928, though not recorded until October 9, 1930, declared a first lien on the real estate therein described. A voluntary petition in bankruptcy was filed January 14, 1931.

The trustees assail the conveyance under section 60b of the National Bankruptcy Act, 11 USCA § 96 (b). The application.

of the section to the facts of this case depends upon the law of North Carolina. Firestone Tire & Rubber Co. v. Cross (C. C. A.) 17 F.(2d) 417.

N. C. Code Annotated § 3311 provides that mortgages shall not be valid as against creditors or purchasers for a valuable consideration from the mortgagor, but from the registration thereof.

As between the parties the mortgage is valid. Wallace v. Cohen, 111 N. C. 103, 15 S. E. 892; Deal v. Palmer, 72 N. C. 582; McBrayer v. Harrill, 152 N. C. 712, 68 S. E. 204, 205; Ellington v. Supply Co., 196 N. C. 784–789, 147 S. E. 307.

In McBrayer v. Harrill, supra, the administrator of the deceased mortgagor sold the land and paid off a first mortgage but refused to pay a second mortgage which was unrecorded at the death of mortgagor and applied the proceeds to the payment of debts due general creditors. Chief Justice Clark said: "The surplus left should have applied to the lien of plaintiff's unregistered second mortgage. It was a specific lien with priority over all other classes of debt (Revisal, § 87 (1), to the extent of the net proceeds of the realty covered by the mortgage. * * * He was evidently under the erroneous impression that, the plaintiff's mortgage being unregistered at the death of the mortgagor, the plaintiff had no specific lien. This was error."

In Hinkle v. Greene, 125 N. C. 489, 34 S. E. 554, it was held that the widow's year's allowance has priority over general creditors of deceased but is subject to unregistered mortgage, citing with approval Williams v. Jones, 95 N. C. 504, in which the principle was first announced.

Judge Connor, the author of the North Carolina Registration Act, was a distinguished member of the Supreme Court of North Carolina for many years before he was appointed United States District Judge. He was thoroughly conversant with the legislative history and the decisions construing it. In National Bank of Goldsboro v. Hill (D. C.) 226 F. 102, 115, he regarded the question settled without citation of authority. He said: "No creditor had, at that time, fastened any lien, by levy of an execution thereon or otherwise. It does not appear that judgments had been rendered or any suits brought against the * * * company. It is well settled by the decisions in this state that, unless a general creditor has secured a specific lien on the property of the mortgagor or grantor, before the registration of the deed or mortgage, it is valid as against general creditors from its registration." He cited Holt v. Crucible Steel Co., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756, where the Kentucky Statute which is in the same language as ours was involved and in which it was held that, as no creditor had fastened any lien upon the property covered by the mortgage prior to the proceedings in bankruptcy by which the title passed to the trustee, the mortgage was valid as against him. See York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782.

There was no proof to show that the bankrupt was insolvent when the mortgage was executed, or recorded, nor that mortgagee had reasonable ground to believe the bankrupt insolvent at either time. It is essential for the trustee to aver and prove that the bankrupt was insolvent at the time of the fixing of the lien. Liberty National Bank v. Bear, 265 U. S. 365, at page 369, 44 S. Ct. 499, 68 L. Ed. 1057.

There is no evidence that any general creditor has obtained a judgment or fastened any lien on property here involved prior to the registration of the mortgage as between the parties and as affecting general creditors, without a lien, the unregistered mortgage is good. The question was presented in Re Cunningham (Higdon & Franks v. Jones) (4th C. C. A.) 64 F.(2d) 296, decided April 4, 1933, a case involving similar case and arising in the Western District of North Carolina, and decided in favor of the validity of the mortgage.

The mortgage was executed for a valuable consideration years before the filing of petition in bankruptcy, through inadvertence and without fraud, it was not recorded until within four months from the filing of petition, but no lien having attached, and no proof of insolvency of bankrupt at time of recording mortgage, the mortgage is valid and does not constitute a preference. Bonner v. First National Bank (C. C. A.) 248 F. 692.