Benesch *vs.* Weil.

(Decided 13th June, 1888.)

ISAAC BENESCH *vs.* M. STAR WEIL.

*Replevin—Pleadings— Purchase by Insolvent—Fraud—Evidence—Burden of Proof.*

The difference between an action of replevin in the *detinuit* and one in the *detinet* is that in the former the plaintiff, if he recovers, has adjudged to him the right of possession of the goods and chattels, and damages for their detention only, and in the latter the plaintiff, if he be entitled to recover, is entitled to have awarded him as well the value of the goods as damages for their detention.

Where the declaration is in the *detinet*, and issues are joined upon replications asserting property in the plaintiff, such issues impose upon the plaintiff the burden of proof to establish his right of property in the goods sued for, and that they were wrongfully detained by the defendant.

Where goods are sold upon credit and the vendee obtains them from the vendor with the fraudulent design of never paying for them, knowing himself to be insolvent at the time, and never intending or expecting to pay for them, the vendor has the right to treat the whole transaction as void as against the fraudulent vendee, and equally so. as against the general assignee of the

Benesch *vs.* Weil.

vendee for the benefit of creditors; and an action of replevin for the goods may be maintained against such assignee.

Where such action is brought, and the assignee locks the door of the vendee's store and refuses to admit the sheriff to execute the writ of replevin, or the plaintiff to identify the goods, and fails to produce at the trial evidence under his control which would have shown whether the vendee had sold and parted with the possession of the goods before the attempted service of the writ, the burden of proof as to whether the goods had come into the defendant's possession is shifted from the plaintiff to the defendant.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the following prayer:

That if the jury shall find that the plaintiff sold the goods mentioned in the evidence to Herman Straus, and delivered the same into the possession of said Straus, and that at the time of such sale the said Straus knew he was insolvent, and had no reasonable expectation of paying for the same, and that afterwards said goods came to the hands of the defendant and were in his possession when the writ of replevin in this case was issued, and that the defendant locked up the same, and would not permit the sheriff to take the same under said writ, then they will find their verdict for the plaintiff upon each of the issues; and if they so find, then the measure of damages which they may award the plaintiff is the value of said goods.

And the defendant offered the three prayers following:

1. That if the jury shall find that the goods mentioned in the evidence of the witness, Kaufman, were sold by the plaintiff to the witness, Straus, as testified to by said witness, Kaufman, then the said sale

and delivery vested in the said Straus a good and valid title to said goods, unless the jury shall further find that at the time of said purchase the said Straus either did not intend to pay for, or had no reasonable expectation of being able to pay for, the said goods.

2. That no declarations of the witness, Straus, made to the witness, Kaufman, in the conversation testified to by the latter, can be considered by the jury, except for the purpose of testing the credibility of the said witness, Straus, and such declarations cannot be considered by the jury as evidence of the truth of any matter contained in said declarations.

3. That the jury can only find their verdict for the plaintiff for the value of such of the goods sold by the plaintiff to the witness, Straus, as the jury shall find from the evidence came into the possession of the defendant, and the burden of proof is on the plaintiff to show what portion of said goods *did* so come into the possession of the defendant, and the value thereof; and there is no evidence from which the jury can find that any of said goods did so come into the possession of said defendant, except the suits mentioned in the evidence of the witness, Straus, and the evidence of the witness, Pappenheim, and the suit in the window mentioned in the testimony of the witnesses, Kaufman and Fuld.

The Court (BROWN, C. J.,) rejected the plaintiff's prayer, and granted the prayers of the defendant, his first and second being conceded. The plaintiff excepted, and the verdict and judgment being in his favor for a less sum than he claimed, and the costs being awarded to the defendant, the plaintiff appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

Benesch *vs.* Weil.

*W. Burns Trundle,* for the appellant.

*Bernard Carter,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The plaintiff brought an action of replevin against the defendant, the present appellee, for thirty-five suits of men's clothing, alleged to be worth $350, which, as contended by the plaintiff, were obtained from him by fraud, under color of purchase. The goods were not taken by the sheriff and delivered to the plaintiff, according to the command of the writ, and the writ was returned "eloigned." Thereupon the plaintiff amended his declaration, and changed its form of allegation from the *detinuit* to the *detinet.* The difference resulting from the form of allegation is this, that where the declaration is in the *detinuit,* the plaintiff, if he recovers, has adjudged to him the right of possession of the goods and chattels, and damages for their *detention only.* But where the goods and chattels have been eloigned, or otherwise withheld from the execution of the writ by the act of the defendant, and the declaration is in the *detinet,* the plaintiff, if he be entitled to recover, is entitled to have awarded him as well the value of the goods as damages for their detention. 6 *Com. Dig., tit. Pleader,* (3 *K.* 10); 8 *Bac. Abr., tit. Replevin,* (*H,*) *pp.* 555, 556; 2 *Tidd's Prac.,* 887; *Dorsey vs. Gassaway,* 2 *Harr. & J.,* 402, 413. The action of replevin in this latter form, in respect to the amount of the recovery, is not materially different from an action of trover.

The declaration having been amended in the particular stated, the case was tried upon the pleas of *non cepit,* property in the defendant, and property in the defendant as trustee. To the two last pleas replications were made, asserting property in the plaintiff.

The issues thus made, imposed upon the plaintiff the burthen of proof to establish his right of property in the goods sued for, and that they were wrongfully detained by the defendant. *Cullum vs. Bevans*, 6 *Harr. & J.*, 469, 471.

It appears that the plaintiff, being a dealer in men's clothing, sold on August 28th, 1887, to Herman Straus, a keeper of a retail clothing store, a bill of clothing, amounting to $839, on a credit of thirty days; but only part of the whole quantity contracted for was delivered. On the 2nd of Sept., 1887, there were sixteen suits delivered; on the 7th of the same month there were eighteen suits delivered, and on the 12th of that month there was one suit delivered; the whole quantity of suits delivered being divided into lots, and numbered, according to grade or price. And on the 15th of Sept., 1887, Straus made a general assignment to the defendant for the benefit of creditors. Whereupon the defendant closed the store, and kept it locked; and though the plaintiff, and the sheriff with the writ of replevin, applied to the defendant for admission to the store, that the plaintiff might identify his goods, so that they could be replevied and delivered, according to the command of the writ, all admission was refused; and the store was kept locked against the plaintiff and the sheriff until after the return day of the writ. Soon thereafter the entire stock of goods was sold in bulk for $1700, though the stock had been previously appraised at about $2500. At the trial, the defendant proved by Straus and his clerk that the goods obtained from the plaintiff had all been sold, except three or four suits of clothes that remained in the store at the time it was closed by the defendant.

The writ of replevin was sued out the day after the general assignment was made to the defendant; and, in resorting to that process, the plaintiff proceeded

upon the contention that the goods had been obtained from him by Straus with the fraudulent design of never paying for them; that Straus knew himself to be insolvent at the time, but never disclosed the fact to the plaintiff, and that he never intended or expected to pay for the goods. And, upon such state of case, if established, there could be no question of the right of the vendor to treat the whole transaction as void as against the fraudulent vendee, and equally so as against the general assignee of the vendee for the benefit of creditors; and as such assignee stands in no better position than the assignor himself, in respect to the goods so fraudulently obtained, an action of replevin for the goods may be maintained against such assignee. *Ratcliffe vs. Sangston,* 18 *Md.,* 383; *Powell, et al., vs. Bradlee & Co.,* 9 *Gill & J.,* 220; *Farley vs. Lincoln,* 51 *N. H.,* 577.

Upon the whole evidence, the plaintiff asked the Court to instruct the jury, that if they should find that the goods sued for had been sold and delivered to Straus by the plaintiff, and that Straus knew at the time that he was insolvent, and had no reasonable expectation of paying for the goods, and that afterwards the goods came to the hands of the defendant, and were in his possession when the writ of replevin was issued, and that he locked up the goods and would not permit the sheriff to take them under the writ, then the verdict should be for the plaintiff, and the measure of the damages proper to be awarded to the plaintiff was the value of the goods. This prayer for instruction was refused by the Court. But the Court instructed the jury, at the request of the defendant, that they could only find a verdict for the plaintiff for the value of such of the goods sold by the plaintiff to Straus, as they should find from the evidence came into the possession of the defendant, *and the burthen of proof was on the*

*plaintiff to show what portion of the goods did so come into the possession of the defendant, and the value thereof; and that there was no evidence from which the jury could find that any of said goods did so come into the possession of the defendant,* except the three or four suits of clothes mentioned in the evidence by some of the witnesses.

Under the instructions given, the jury found a verdict for the plaintiff, for the value of the four suits of clothes; and thus, by their finding, established the fact of the fraud on the part of Straus in obtaining the goods from the plaintiff, and that the defendant was a wrong-doer, at least to the extent of withholding the four suits of clothes.

In refusing to grant the prayer on the part of the plaintiff, and in granting that on the part of the defendant, we think there was error. It is clearly inferable that the ground upon which the plaintiff's prayer was rejected, was the supposed want of evidence to support it. But we think there was evidence that the jury should have been allowed to consider in support of that prayer. It is not questioned that the goods sued for were delivered to Straus at his store, and at the times mentioned in the evidence. And then the short time that intervened from the delivery of the goods to the time of making the assignment to the defendant, and the locking up the store, and the exclusion of the sheriff with process, and also the plaintiff, to prevent the identification and taking of the goods under the writ, notwithstanding the plaintiff had given a replevin bond to indemnify the defendant, were circumstances upon which a presumption of fact might well be founded. In addition to this, it appears that there was a sales book, which would have shown, if produced, the daily sales from the stock of goods, in the store. But instead of producing that book, the defendant placed upon the stand as a witness Straus,

Benesch *vs.* Weil.

(the party charged with the fraud in obtaining the goods,) to state in a conjectual way his estimate of the daily sales from the store, which he placed at from $25 to $250, though he furnished no dates when such sales were made. Why was not the sales book produced and allowed to speak upon that question, rather than rely upon the vague and indefinite testimony of Straus? The defendant was in the position of a wrong-doer, alleged to be holding the plaintiff's goods wrongfully; and all the uncertainty that exists in regard to the identity of the goods supposed to be in the possession of the defendant, has been produced by the conduct of the defendant himself; and the question is, can he be allowed to take advantage of that conduct, and thus defeat the possible rights of the plaintiff? Clearly not. It being an undisputed fact that the goods went into the store of Straus recently before the assignment to the defendant, and under that assignment the defendant became possessed of all the books and data to show how the goods had been disposed of, if disposed of at all; and the evidence showing, moreover, that there had been an inventory taken of the goods in the store after the assignment, but which inventory was not produced; in view of such facts, it would seem to be but reasonable and fair that the *onus* of proof should be shifted from the plaintiff to the defendant, and that it should rest with the latter to show that the goods never came to his possession; and that is strictly according to principle. Of such *onus* he could have relieved himself by allowing, as he ought to have done, the plaintiff an opportunity, which was sought, to identify his goods, and the process of the law to have had its course, instead of obstructing it; but having refused that reasonable request, and opposed himself to the execution of the writ of replevin, the defendant assumed the burthen of showing affirmatively that the plaintiff's goods had

not come into his possession. And as against the proof produced by the defendant, the plaintiff had the right to insist before the jury upon all the presumptions that the circumstances of the case gave rise to, for he was in no way bound to concede the truth of the witnesses on the part of the defendant.

This case cannot, in principle and reason, be distinguished from that of *Preston & Hepburn vs. Leighton,* 6 *Md.,* 88. In that case a mortgage was executed of all the goods and fixtures 'then in a certain store, and covering also the subsequently acquired goods. After this mortgage, and after some of the goods had been sold by the mortgagors, and others purchased, certain parties, claiming under a subsequent deed, tortiously took possession of all the property and sold it. In the trial of the case, (an action for money had and received,) the defendants made the proposition to the Court, by the first prayer presented by them, that, "to enable the plaintiff to recover *for a specific amount,* it was necessary he should satisfy the jury by evidence, of the proportion of money received by defendants, as the proceeds of the goods remaining in the store at the execution of the mortgage, *as distinguished from those afterwards brought therein."* That proposition was rejected by the Court below, and that ruling was affirmed by this Court; this Court holding that the *onus* was upon the parties wrongfully taking the goods to show what proportion of the property which was in the store *at the date of the mortgage* came into their hands; as every presumption is made against a wrong-doer. In discussing the question raised by the first prayer of the defendants in that case, the Court said: "If they (the defendants) have by a tortious act, deprived the plaintiff of the means of proving his case, as fully as they insist he should have done, or, if, having possessed themselves of the books and accounts, they will not produce

them for the purpose of explaining or rebutting the case as presented on the part of the plaintiff, they cannot complain of the consequences. Every presumption is made against a wrong-doer. The case of *Armory vs. Delamirie*, 1 *Strange*, 504, was decided upon the ground, that the defendant had suppressed the means of ascertaining the truth, by withholding the jewel, for the value of which the suit was brought. It would be unreasonable, under the circumstances in which the plaintiff was placed by the act of the defendant, to cast this burden upon him." And so here, it is equally unreasonable that the plaintiff should be thwarted in his legal efforts to maintain his rights, by the act of the defendant, in withholding the means by which the extent and certainty of the right would be made to appear; and but for such act of the defendant, all uncertainty in the proof would be removed. In such case, presumption, if there be a reasonable foundation for it, will perform the office of direct proof; and it is the proper function of the jury to consider and pass upon all the presumptions of fact that arise in the case. *Crane vs. Morris & Astor, et al.*, 6 *Pet.*, 598.

Being of opinion that there was evidence for the consideration of the jury in support of the plaintiff's prayer, that prayer being in form and principle correct, when construed in reference to the facts of the case, we think it ought to have been granted. And with respect to the defendant's third prayer, it follows from what we have said, that such prayer ought to have been rejected. The judgment therefore must be reversed, and the case be remanded for a new trial.

*Judgment reversed, and*
*cause remanded.*

(Decided 13th June, 1888.)