## M. STAR WEIL, Trustee *vs.* MARTIN LEHMAYER, Trustee, and others.·

*Assignment for the Benefit of Creditors—Allowance to the Trustee—Auditor's account.*

An assignment for the benefit of creditors was made to a trustee, and the Circuit Court of Baltimore City assumed jurisdiction of the trust. A replevin suit was brought against the trustee individually to recover a portion of the goods so assigned to him in trust. The case, after going to the Court of Appeals, where a judgment unfavorable to the plaintiff was reversed, resulted finally in a verdict and judgment for the plaintiff for the value of the goods replevied and costs, which under the order of the Circuit Court the trustee paid. He also by the same authority paid the costs incurred in the Court of Appeals. In an auditor's account distributing the trust funds the trustee was given credit for the payments so made by him. On an appeal from an order sustaining exceptions filed by creditors to the allowance of such credit, it was HELD:

That said credit was properly given in the absence of evidence of any wrong-doing on the part of the trustee.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Bernard Carter*, for the appellant.

*Martin Lehmayer*, for the appellees.

Weil *vs.* Lehmayer, *et al.*

FOWLER, J., delivered the opinion of the Court.

On the fifteenth day of September, 1887, Herman Strauss executed a deed of trust for the benefit of his creditors to the appellant, M. Star Weil, who thereupon took possession of said Strauss' store, located on Gay street, in Baltimore City, and the goods therein contained, consisting of ready-made clothing. On the same day the deed was executed the Circuit Court of Baltimore City assumed jurisdiction of the trust.

A short time thereafter, on the seventh of October of the same year, the appellant, as trustee, reported to the Circuit Court that he had taken possession of the store, its stock of goods and fixtures, and that after advertising the same, the highest bid he received was $1,700, which, by order of said Court, was accepted.

An auditor's account was then stated and ratified, showing a net balance of $1,171.96 in the hands of the appellant for distribution among the creditors.

It appears, however, that on the 17th of September, two days after the deed of trust was executed, Isaac Benesch, one of the creditors of Strauss, had a writ of replevin issued against appellant to recover thirty-five suits of clothing which he had sold to Strauss; and which he claimed to be in the store and then in the possession of appellant. Benesch's suit was based upon the ground that there was fraud on the part of Strauss in the purchase of goods, and that, therefore, no title passed to him, and none from him by his deed to the appellant. Another creditor, Isidor Stark, also issued a writ of replevin, but this suit was subsequently dismissed upon the payment of costs by the defendant.

By the advice of his counsel, the appellant refused to permit Benesch, or any one in his behalf, to enter Strauss' store for the purpose of taking the goods claimed in the replevin suit, and it came to trial. The plaintiff in that suit offered testimony to prove that all the goods he

Weil *vs.* Lehmayer, *et al.*

claimed to recover were in the store of Strauss at the time of the execution of the deed of trust, and that they so remained there and in the possession of the appellant at the time of the issuing of the writ, and that no title passed to said Strauss, nor to the appellant for the reason before given.   The appellant, being defendant in said replevin suit, and having no personal knowledge in regard to the transaction, offered the testimony of Strauss and his clerk to prove that the goods claimed by Benesch had all been sold by Strauss before the deed was executed, except three or four suits, and that all of said goods had been purchased by Strauss in good faith. The jury, under the instructions of the Court, rendered a verdict in favor of Benesch for $43.25 the value of the goods admitted to have been in appellant's hands, and judgment was entered thereon.   The plaintiff having recovered only a small part of his claim, and having been required by the Court to pay the costs, appealed to this Court.   The judgment was reversed and a new trial awarded.   *Benesch vs. Weil,* 69 *Md.,* 276.

At the second trial, upon the same testimony offered in the first, Benesch recovered a judgment for the whole amount of his claim amounting to $350.50, and costs, which under the order of the Circuit Court of April 23, 1889, the appellant paid.   He also paid by the same authority $137.90 the costs in this Court.

Another auditor's account was filed, crediting appellant with the above payments.

To this account, and especially to the allowance of the payments just mentioned, exceptions were filed by two of the creditors of Strauss, which having been sustained this appeal was taken.

The only question presented is whether the appellant is entitled to an allowance for the judgment in the replevin suit, and costs, amounting to $360, and the costs incurred in this Court on Benesch's appeal in that

suit—both payments having been made by him as trustee, under the express order of the Court which had assumed jurisdiction of the trust.

This Court having decided in the case before referred to that the appellant in this case, who was appellee in that, did wrong in refusing to allow the sheriff to enter Strauss' store to search for the goods which Benesch claimed under his replevin suit, it is now seriously contended by the appellees that the amount of the judgment and costs just mentioned should not be allowed him as a payment made by him as trustee out of the trust fund, although it was paid by authority of the Circuit Court, because, first, the judgment was recovered against him in his individual capacity; and, second, because it was owing entirely to his wrongful conduct that the said judgment was recovered.

It is too clear for controversy that although the appellant was sued in the replevin suit as an individual, and not as trustee, yet it was not suggested in that suit, either in the Court below or here, so far as the record in that case discloses, that Mr. Weil was responsible, save in the latter capacity. Indeed the whole claim was based upon the allegation that no title had passed from Benesch to Strauss by purchase, and that therefore none could pass from Strauss to the appellant by the deed of trust.

And so in the opinion of this Court the appellant is treated and considered as trustee and assignee for the benefit of creditors. It is not necessary, we think, to say anything further in regard to this contention, except that if it could be successfully maintained, the result would work a great injustice, unless, as was contended in the next place, that to the wrongful conduct of the. appellant is to be alone attributed the recovery of the judgment.

But assuming we are at liberty to disregard the verdict of the jury, by which it has been ascertained that

the trust fund has been improperly increased by the proceeds of the sale of Benesch's goods, and to which, therefore, Strauss' creditors, the appellees, have no just claim, we have looked in vain to find satisfactory evidence that the recovery of said judgment can be attributed to any wrong-doing on the part of the appellant.

There was sufficient evidence before the jury upon which they could well find, (if they did not believe the testimony given by Strauss and his clerk, which they might well have refused to believe,) that the goods claimed by Benesch had been sold with those of Strauss by the appellant, as trustee, and that, therefore, the trust fund having been increased to the extent of the value of such goods, it was but right and just that the appellant should be required to pay the value thereof out of the trust fund—rather than compel him, as the appellees are seeking to do, to make a contribution to the trust fund, on the mere supposition or suspicion that that fund has been diminished by his wrongful act.

In regard to the only other item in the account excepted to, namely, the costs in this Court in the case of *Benesch vs. Weil* amounting to $137.90, it is sufficient to say that these costs were not incurred by an appeal taken in that case by the appellant in this. On the contrary, the appeal there was by Benesch, and its necessity grew out of no wrongful act or conduct of the appellant, but by reason of the error committed by the Court. Therefore, having paid these costs by the order of the Circuit Court, and finding no reason why such payment was not properly made by him as trustee out of the trust fund, he should have credit for it in his account. The order appealed from will be reversed, in so far as it sustains the exceptions of the appellees, and the account of the auditor found on pages five and six of the record, allowing the two items above mentioned, should be ratified.

Baltimore and Drum Point R. R. Co. *vs.* Pumphrey, *et al.*

The cause will be remanded to the end that an auditor's account may be stated and ratified in accordance with this opinion; the appellees to pay the costs.

*Order reversed, and*
*cause remanded.*

(Decided 25th March, 1891.)